## SEVIER *vs.* THROCKMORTON.

[GARNISHMENT ON JUDGMENT.]

1. *Waiver by garnishee of judgment discharging him.*—If an issue is made up between a garnishee and the attaching creditor, contesting the garnishee's answer, after the rendition of a judgment discharging him on his answer, and such issue is tried without objection on his part, he must be considered as having waived the judgment discharging him, and cannot invoke it in the appellate court as precluding the plaintiff from assigning errors upon the rulings of the court on the trial of the issue.

2. *Garnishee's answer not evidence for him.*—When the answer of a garnishee is contested by the attaching creditor, although the *onus* is on the plaintiff, the answer itself is not evidence for the garnishee.

APPEAL from the Circuit Court of Franklin.

Tried before the Hon. JOHN E. MOORE.

THE record in this case shows these facts: On the 27th September, 1852, John Sevier obtained a judgment in the circuit court of Franklin county, against one John L. Bunch, for $251 71 debt, and $13 38 damages, besides costs; and on the 7th November, 1856, sued out process of garnishment thereon, and summoned James Throck-

morton as the debtor of said Bunch. At the ensuing spring term of the court, the garnishee filed an answer, denying all indebtedness to the defendant; which answer was sworn to and subscribed, before the clerk of the court, on the 31st March, 1857. At the same term, but on what day the record does not show, the court rendered a judgment, discharging the garnishee on his answer. On the 1st April, 1857, the plaintiff made affidavit before the clerk, contesting the correctness of the garnishee's answer; and the garnishee joined issue thereon. On the trial of this issue, at the spring term, 1858, the court instructed the jury, "that the garnishee's answer was evidence for him;" to which the plaintiff excepted, and which he now assigns as error.

WM. COOPER, and J. B. MOORE, for the appellant.

F. G. NORMAN, and R. B. LINDSAY, contra.

WALKER, J.—After the rendition of a judgment discharging the garnishee on his answer, the plaintiff and the garnishee went to trial on an issue, in which the former affirmed the incorrectness of the answer, and the latter asserted the contrary. A jury was empanneled, and the issue tried, without objection by either party; and a verdict was returned for the garnishee; and thereupon a judgment was rendered for the garnishee. The garnishee must be understood to have waived the judgment of discharge upon his answer, and the cause as continued in court by the act of the parties. The plaintiff, therefore, is not precluded from assigning errors upon the rulings of the court, on the trial of the issue before the jury, upon the ground that there was no cause in court. Byrd v. McDaniel, 26 Ala. 582.

[2.] Upon the trial of the issue as to the correctness of the answer, the answer of the garnishee was not evidence for him. The onus of proof is upon the party contesting the answer; but the statute does not make the answer evidence for the garnishee upon the trial of the issue. If it were, the garnishee would be a witness in his own

case, without any corresponding privilege to the opposite party.

The judgment of the court below is reversed, and the cause remanded.