LORENZO D. TAYLOR AND ELIZA J. TAYLOR, his
Wife, *vs.* JOHN H. SINDALL.

*Practice—Motion to strike out a Judgment—Acqui-
escence—Laches and Delay—Res adjudicata.*

Exceptions having been made to an award and overruled, judgment was
entered thereon on the 15th of March, 1865.  On the 31st of May, 1870,
a motion was made by the defendant to strike out the judgment "for
irregularites apparent on the face of the proceedings."  HELD:

1st.  That in consequence of his long acquiescence in the judgment, and of
his *laches* and delay in seeking his remedy, the defendant was not enti-
tled to relief.

2d.  That the motion to strike out could not prevail for the further reason
that the matter was *res adjudicata,* and could not again be brought in
question in the same case.  The grounds of objection to the judgment,
raised by the motion to strike it out, were presented by the exceptions
to the award, and were then finally adjudged and determined.

APPEAL from the Court of Common Pleas.

*Assumpsit.*    This action was originally instituted in the
name of John C. Welch, against the appellee.  On demand
of the defendant a bill of particulars was filed, showing an
indebtedness to Eliza J. Taylor, one of the appellants.  After
the issue was made up, the plaintiff's death was suggested,
and the cause continued until September Term, 1864, when
it was referred to Wm. Sheppard Bryan, Esq., for arbitra-
tion.  While the cause was under reference an agreement was
entered into, in writing, making the appellants plaintiffs in
the place of the original plaintiff, and was filed with the
arbitrator 21st of December, 1864.  On the 29th of the same
month the arbitrator filed his award in favor of the appel-
lants.  Exceptions to the award were filed, argued and over-
ruled, and judgment was entered thereon on the 15th of
March, 1865.  On the 1st of May, 1870, a motion was made
to strike out the judgment "for irregularities apparent on the
face of the proceedings," and on the 28th of June following,

the Court (GAREY, J.,) ordered the judgment to be stricken out, and directed the clerk to enter up proper continuances of the case until May Term, 1870.

From this order the present appeal was taken.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER and ROBINSON, J.

*James Frame,* for the appellants.

The record in this case discloses neither fraud, deceit nor surprise in obtaining the judgment. The motion to strike out is founded upon an alleged irregularity in substituting, by agreement of counsel, the appellants, who were, in fact, the real plaintiffs in interest as shown by the bill of particulars, as plaintiffs instead of John C. Welch, while the matter was under reference. In this there was no irregularity. Any thing can be done by consent or agreement. The agreement was a part of the reference, and its effect was to docket a new suit by consent. The proceeding was substantially that referred to in *Shriver vs. The State,* 9 *G. & J.,* 12.

It is no objection to the validity of the award in favor of the appellants, that the suit was instituted originally by another party. It is not even necessary that there should be a declaration. An award cures all antecedent irregularities or defects. *Dorsey vs. The State,* 3 *H. & McH.,* 388; *Ing vs. The State,* 8 *Md.,* 296; *Morril vs. Gold,* 1 *Cushing,* 460; *Eddy vs. Sprague,* 10 *Vermont,* 217; *Ebert vs. Ebert,* 5 *Md.,* 354.

*Henry D. Loney,* for the appellee.

By the death of John C. Welch the suit abated, and any subsequent proceedings in the case, unless a new plaintiff was substituted under the provisions of the Statute, were void. *Code, Art.* 75, *sec.* 29, *and Art.* 2, *sec.* 3; *Richards vs. Maryland Ins. Co.,* 8 *Cranch,* 85; 2 *Saunders' R.,* 72, *k; Tidd's Practice,* 822, 823, 838, 932, 933, 1116; *Finney vs. Fer-*

*guson,* 3 *Watts & Serg.,* 413; *Checchi vs. Powell,* 6 *Barn. & Cress.,* 253.

At the time of the reference to the arbitrator, there was no plaintiff in Court. At January Term, 1864, the plaintiff's death was suggested. In September Term, 1864, the reference was made. *Trail, use of Buckey, vs. Snouffer,* 6 *Md.,* 308.

The entry of the judgment by the Court on the award in favor of a party not the legal plaintiff, was wholly irregular, and may properly be stricken out. *Butterfield vs. Levy,* noted in 30 *Md.,* x, among the cases unreported.

The substitution of new plaintiffs was made during the reference, and was irregular. *Price vs. Tyson,* 2 *Gill & John.,* 475. The award was returned in the case of *Taylor and Wife vs. Sindall,* which was a clear irregularity, the case returned being different from the one referred. *Price vs. Thomas,* 4 *Md.,* 521; *Biddell vs. Dowse,* 6 *Barn. & Cress.,* 255.

BARTOL, C. J., delivered the opinion of the Court.

This is an appeal from a judgment of the Court of Common Pleas, rendered on the 28th day of June, 1870, striking out a judgment which had been rendered in the same Court in favor of the appellants against the appellee, on the 15th day of March, 1865. The motion to strike out the judgment was filed on the 31st day of May, 1870, and the cause assigned in support of the motion was alleged "irregularities on the face of the proceedings."

The power to set aside judgments on motion for fraud, surprise or irregularity, is a common law power incident to Courts of record; and may be exercised after the term has passed in which the judgment was rendered. *Kemp, et al. vs. Cook, et al.,* 18 *Md.,* 138.

The power was recognized by the Act of 1787, ch. 9, section 6, which has been reënacted in the Code, Article 75, section 38, which was construed by this Court in *Butterfield vs. Levy,* decided at October Term, 1868, and noted in 30 *Md.,* among the unreported cases.

Taylor and Wife *vs.* Sindall.

The rules and principles governing the Court in deciding upon applications of this kind, made after the term has passed, are fully stated in the case of *Kemp, et al. vs. Cook, et al.* It is there said that "relief will not be granted where a party has knowingly acquiesced in the judgment complained of, or has been guilty of *laches* and unreasonable delay in seeking his remedy."

We think the present case falls within that rule, and that the long acquiescence of the appellee in the judgment rendered against him in March, 1865, and his *laches* and delay in waiting more than five years before making his application for relief, which is without any explanation or excuse, would of itself be a sufficient cause for overruling the motion. But there is another and fatal objection to granting the motion. The judgment complained of was entered upon an award made by Wm. Sheppard Bryan, Esq., filed in Court. It appears by the record that objections were made to the award, which were overruled and the judgment thereon was entered. Now it is evident that all the grounds of objection to the judgment raised by the motion to strike it out, were presented by the objections to the award, and were then finally adjudged and determined. It is therefore *res adjudicata*, and cannot again be brought in question in the same case.

For these reasons, we think, the Court below was in error in sustaining the motion ; and the judgment of the 28th day of June, 1870, striking out the antecedent judgment of the 15th day of March, 1865, will be reversed.

*Judgment reversed.*