HYER'S EXECUTORS, PLAINTIFFS AND RESPONDENTS, VS. CARO'S EXECUTRIX, DEFENDANT AND APPELLANT.

1. The Clerk in taxing costs in a cause to be entered in judgment is required to tax only such items of costs and disbursements as are duly proved by the party demanding the same, or may appear in the records and files of the court, and it is not an error or misprision of the Clerk to omit to tax and enter in judgment items not so demanded and proved.

2. In such case, after judgment entered and the term passed, the judgment cannot be opened and amended by inserting and including other costs to which the party may have been entitled, if they had been demanded and duly proved before judgment.

3. Under the Code it was necessary for the party demanding the taxation of costs and disbursements to serve and file an itemized statement thereof.

This is an original motion in this court by the appellant. The facts are stated in the opinion.

*W. A. Blount* and *J. E. Yonge* for the motion.

*E. A. Perry* and *Geo. P. Raney,* contra.

The CHIEF-JUSTICE delivered the opinion of the court.

In this case a final judgment was entered by this court reversing the decree of the Circuit Court in equity with costs, and formal judgment was entered for a sum therein named against appellees. This judgment was entered at June term, 1879.  17 Fla., 332.

In January, 1881, appellant entered a motion that the clerk be directed to tax and insert in the judgment certain costs allowed by the "Code" which had not been included in the judgment entered.  This motion was afterward called to the attention of the court and submitted upon briefs by the respective counsel in June term, 1881.  The costs as taxed by the clerk were clerk's fees only.  The costs now claimed are the costs allowed under the Code, and $45 for the transcript of the record, in addition to the fees of the clerk as taxed and inserted in the judgment.

It is objected that it is now too late to open and correct the judgment, no bill of costs and disbursements having been presented until two years after the entry of judgment.

It is claimed in behalf of the motion that the omission of these items was a misprision of the clerk, and therefore the record may be corrected according to the truth of the proceedings.

"The court may amend the record of nisi prius at any time for a defect arising from the misprision of the clerk."

Comyn's Dig. Amendment, 592, and notes; and it may be amended by the issue roll. 1 Salk., 48. A judgment entered against a defendant as administrator instead of against the goods and estate of the intestate may be amended by another part of the record upon motion, (1 Pick., 351,) it being a misprision. 7 Cush., 284 ; 8 Cush., 317.

The rule in such cases is stated concisely in 61 Mo., 166 : " A court may, at subsequent terms, set right mere forms in its judgment or correct misprisions of its clerks, or mere clerical errors, so as to conform to the truth. And the corrections may be made from the Judge's docket or clerk's minutes, or other records pertaining to the case, but not from extraneous testimony." This is the recognized law of the situation. 52 Mo., 60 ; 60 Mo., 579 ; 45 Mo., 171 ; 14 Texas, 455 ; 3 Minn., 427 ; 5 Ired., 12 ; 3 Johns., 518 ; 6 Fla., 721.

In Dulle vs. Deimler, 28 Mo., it was held that where the clerk had been directed to tax certain specified costs, he had, by misapprehension of the order, included costs not covered by the order of the court, it was proper to order the retaxation of costs to correct the error and amend the judgment accordingly. The order of the court afforded the evidence of the error and the means of its correction.

In Wright vs. Wright, 6 Maine, 415, an error in the taxation of costs by the omission of an item was allowed to be corrected, there being a mistake of the clerk as shown by the records and files. In Barnes vs. Smith, 104 Mass., permission to correct a judgment by the insertion of costs accidently omitted in the certificates presented to the taxing officer was refused, the record showing no misprision of the officer.

There is nothing in the present application upon which the court is authorized to correct the judgment.

The costs alleged to be omitted consist of items not fur-

nished or proved to the clerk upon the taxation of the costs during the term when judgment was rendered. The record or files do not show that any costs or disbursements were omitted of which he had any means of ascertaining the amount. There was no receipt or endorsement upon the transcript of the record showing the amount of the charge for it by the Circuit Clerk, nor, indeed, that it had been paid for by either party.

There was, therefore, no misprision, and there is nothing to amend by.

Section 256 of the Code provided that the clerk should insert in the entry of judgment, on application of the prevailing party, upon notice to the opposite party, the sum of allowances for costs, as provided by the code, and the disbursements stated in detail verified by affidavit.

All this was omitted. No bill of costs and disbursements was presented to the clerk for taxation. He, therefore, omitted nothing, and no claim for costs and disbursements was presented until two years after the entry of judgment. The motion to tax such costs and alter the judgment must therefore be denied.