T. F. McGOURIN, APPELLANT, v. THE TOWN OF DEFUNIAK SPRINGS, G. P. HENRY AND MALCOLM McCASKILL, APPELLEES.

1. A court may, at subsequent terms, set right mere forms in its judgments, by correcting misprisions of its clerk, or mere clerical errors, so as to make the record conform to the truth. In making such corrections the judge's docket or the clerk's minutes or other records pertaining to the cause may be used, but not extraneous testimony.

2. It is the duty of the parties to a cause in the Supreme Court to file in each case a statement of the items of costs they are entitled to recover in the cause; and upon failure to do so the court will not, after the expiration of the term in which the cause is disposed of, order a retaxation of the costs that have been taxed and entered in the decree disposing of an appeal, so as to include items not shown by the record or files in the cause at the time the costs were taxed to have been erroneously omitted from the cosmts as taxed and entered in the decree of the court disposing of the causee.

3.  In proceeding on appeal in the Supreme Court the cost of the transcript of the record required by section 1275 of the Revised Statutes of 1892, the costs incurred in the progress of the cause in the Circuit Court after the entry of the appeal which are properly a part of the appellate proceedings therein, and the files of the clerk of the Supreme Court are proper items to be taxed as costs.

This case was decided by the court En Banc.

Appeal from the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*Maxwell & Reeves,* for motion.

PER CURIAM: On June 11th, 1906, the last day of the January Term, A. D. 1906, the decree of the Circuit Court in the cause entitled as above brought here on appeal, was reversed by the decree of this court and the decree of reversal "further ordered that the appellant do recover of the appellees his costs by him in this behalf expended, which costs are taxed at the sum of one hundred fifty-four and 50-100 dollars."

On August 9th, 1906, a day in the June Term, A. D. 1906, of this court, the appellant filed in this court a motion to retax the costs on the ground "that in truth and in fact the costs incurred by the appellant in and about said appeal pursuant to and in compliance with the rules and practice of this court was two hundred and eighteen and 75-100 dollars." An itemized statement of costs sworn to by the appellant as being true and correct and as having been paid by the appellant was filed with the motion. The

transcript of the record in the cause contains a certificate of the clerk of the Circuit Court that all costs in the case have been paid in full, including the cost of the transcript of this record." The amount paid for costs in the case for the transcript is not given. When the decree of this court was entered reversing the decree of the court below and ordering that the appellant do recover of the appellees his costs by him in this behalf expended taxed at the sum of $154.50, there was no evidence on file in the case of the amount paid for the transcript brought to this court or for other costs of the appeal.

Rule 24 of the Supreme Court Rules as to the taxation of costs is as follows: "When costs are allowed, the amount thereof shall be entered in the body of the judgment or order. Upon the decision of any civil cause at law, the clerk of this court shall tax all legal costs against the losing party, unless, upon the special order of the court, he be required to tax against the prevailing party the costs occassioned by his having caused unnecessary matter to be included in the transcript. Costs in chancery causes shall be taxed under the order of the court."

Costs incurred in the Circuit Court after the entry of appeal, which properly are a part of the appellate proceedings, are to be included in the costs taxed in this court. See Sanderson's Adms. v. Sanderson, 20 Fla. 292.

In the absence of any showing of the costs incurred by the appellant in prosecuting the appeal, the cost of the transcript and of the appeal entries in the trial court subsequent to the entry of the appeal were taxed at $142.50, and the fees of the Clerk of the Supreme Court, under Chapter 4031 Acts of 1891, were taxed at $12.00, making a total of $154.50, the amount entered in the decree of this court on June 11th, 1906. The items which the

appellant seeks to have included in the costs are "five large maps * * * being duplicates of original maps admitted in evidence in the court below, $5.00; copies of various photographs * * * offered in evidence in court below, $30.00; photographs of original * *. * offered in evidence in court below, $6.00; 150,378 words in original transcript of record, $150.00; indexing transcript of record, $4.00; 3 carbon copies of original transcript of record, $11.25; docket fee in Supreme Court, $12.00. Total, $218.75."

The facts of this case are very similar to those in the case of Hyer's Executors v. Caro's Executrix, 18 Fla. 694, in which this court approved as law the following taken from the case of State v. Primm, 61 Mo. 166: "A court may, at subsequent terms, set right mere forms in its judg· ment, or correct misprisions of its clerks or mere clerical errors, so as to conform the record to the truth. And the corrections may be made from the judge's docket or clerk's minutes, or other records pertaining to the case, but not from extraneous testimony." See also Adams v. ReQua, 22 Fla. 250. In the same opinion this court also said: "There is nothing in the present application upon which the court is authorized to correct the judgment. The costs alleged to be omitted consist of items not furnished or proved to the clerk here upon the taxation of the costs during the term when the judgment was rendered. The record or files do not show that any costs or disbursements were omitted of which he had any means of ascertaining the amount. There was no receipt or endorsement upon the transcript of the record showing the amount of the charge for it by the Circuit Clerk." In the case of Sanderson's Adms. v. Sanderson, 20 Fla. 292, text 338, this court

said: "The practice is to tax in this court the costs of a copy of the record of the decree of the Circuit Court upon the receipt of the Clerk of the Circuit Court for the amount paid him for it, when the decree is reversed."

Thus it will be seen that it is the duty of the parties to an appeal in this court to file here a statement of the items of costs they are entitled to recover in the case; and upon failure to do so the court will not after the expiration of the term in which the appeal is disposed of, order a retaxation of the costs that have been taxed and entered in the decree disposing of the appeal, so as to include items not shown by the record or files here at the time the costs were taxed to have been erroneously omitted from the costs as taxed and entered in the decree or judgment of this court in disposing of the case.

Sections 1275 and 1462 of the Revised Statutes of 1892 make it the duty of the plaintiff in errorr or appellant to procure from the clerk of the court below a true copy of the proceedings in the cause and to file said copy in the appellate court. The manner of preparing the copy of the proceedings is regulated by the rules of this court. The fees allowed the clerk below for a copy of the proceedings and other costs in appellate proceedings are prescribed in Section 1394 of the Revised Statutes. The fees allowed the clerk of this court are prescribed in Chapter 4031 Acts of 1891.

The judgment for costs entered in this case include the fee of $12.00 allowed the clerk of this court by Chapter 4031, and also $142.50, the estimated cost of the transcript and such other items of costs subsequent to the entry of the appeal in the court below as are shown by the transcript to be a part of the appellate proceedings. The cost of the transcript and other appeal items were esti-

mated under Section 1394 Revised Statutes by reference to the transcript although no statement of costs incurred was filed in the case. The items for copies of maps and photographs now asked to be taxed were not included in the costs as taxed for the reason that, even if they can be considered a part of the transcript, no evidence of their cost was presented and the statute furnishes no guide for estimating their cost as it does in case of the items estimated and included in the decree. The cost of three carbon copies of the original transcript of the record, two of which were filed in this court with the original transcript, and the other served on opposing counsel as required by Rule 11 of the Supreme Court Rules, was not included in the costs as taxed because the statute provides for only one transcript of the record, and Section 1305 of the Revised Statutes of 1892 provides that no fees shall be charged in any case, or for any official service performed or claimed to be performed by any officer within the State unless said fees be expressly authorized and their amount specified by law. Rule 11 of the Supreme Court Rules imposes upon the plaintiff in error or appellant in civil causes the burden of filing in this court two copies of the transcript and of serving one copy of the transcript on the opposing party or his attorney. This is required for the purpose of facilitating the disposition of causes brought to this court and no provision is made for taxing costs for them against a losing party. Nothing was allowed in the taxation of costs for indexing the transcript of the record for the reason that no specific fee for such service is prescribed by law and no evidence that it was a proper item of costs was on file. There is a difference of a few dollars in the cost of the transcript as estimated here and the

36—S. C.

amount for it claimed in the motion, but the movant having failed to file his proofs in time cannot complain of this difference.

Even if the items now sought to be added to the costs already taxed in the case were allowable, the term of this court at which the decree disposing of the cause and adjudging the costs therein having expired, and the mandate having been sent down before any proof of items of costs incurred in the appeal were filed in this court, the motion for a retaxation of costs will be denied.

SHACKLEFORD, C. J., and TAYLOR, COCKRELL, HOCKER and WHITFIELD, JJ., concur.

PARKHILL, J., disqualified.