THE STATE OF FLORIDA *ex rel.*, JOHN J. SHERMAN, *Plaintiff in Error*, v. H. B. PHILIPS, COUNTY JUDGE, *Defendant in Error*.

Mandamus will not be awarded to require the judge of a county court to tax as costs attorney fees allowed by statute to a garnishee, where no application was made to have the statutory fees taxed before final adjournment of the court for the term.

This case was decided by Division A.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Wm. C. Vaughn,* for Plaintiff in Error;

*L. R. Milton,* for Defendant in Error.

WHITFIELD, C. J.—In an alternative writ of mandamus issued by the Judge of the Fourth Judicial Circuit, it is alleged that on December 21, 1909, the Florida Hardware

28 Vol. 61

Company, a corporation brought an action against D. L. Rathbone in the County Court for Duval County, and procured in said action a writ of garnishment against John J. Sherman, to which writ the garnishee answered in effect that he was not indebted to the defendant in any way, that he had no goods, chattels or effects in his hands, custody or control belonging to the defendant and that he knows of no person indebted to the defendant &c.; that no reply was made to this answer of the garnishee, no issue was joined and the facts stated in the answer were not tried or traversed; that on April 18, 1910, during the April term of the County Court, the Court in open session dismissed the main action, thereby dismissing also the garnishment proceeding; that thereupon the relator became entitled to ten dollars attorney's fees to be taxed as costs under section 1356 and section 1357 of the General Statutes of 1906; that on August 2, 1910, the garnishee moved the court to tax the said $10.00 as costs against the plaintiff in the action; that this motion was denied and an exception noted; that no costs were assessed in the ancillary suit. The alternative writ was quashed and a writ of error was taken by the relator garnishee, who insists here that the County Judge should by mandamus be required to enter judgment for $10.00 as costs against the plaintiff in the action in favor of John J. Sherman the garnishee therein.

Section 1356, 1734 of the General Statutes is as follows:

"1356. Attorney's fees in garnishment cases.—Whenever any writ of garnishment is sued out in any of the courts of justices of the peace, or county courts, in this State, and the same shall be dismissed, or the plaintiff shall fail to sustain his claim, the defendant or defendants in garnishment shall be entitled to receive from the

plaintiff an attorney's fee of ten dollars, which shall be taxed by the court as cost, and collected as provided for other costs in the suit."

"1734. (1302). Taxation of costs.—The clerks of the several courts, or the judge if there be no clerk, shall tax the costs accruing in each case when the same is determined or at the close of each term of the court, and shall keep a duplicate of the bill of costs on file among the original papers in the suit. In such bill each item of costs shall be enumerated."

The first section above quoted provides that when a writ of garnishment is dismissed "the defendant in garnishment shall be entitled to receive from the plaintiff an attorney's fee of ten dollars, which shall be taxed by the court as cost, and collected as provided for other costs in the suit." Section 1734 requires the court or its clerk to "tax the costs accruing in each case when the same is determined or at the close of each term of the court." Section 2035 of the General Statutes of 1906, requires four terms of county courts to be held each year. Section 1343 relates to matters not concluded by the adjournment of the court for the term.

The statutory provision that under the circumstances stated, the garnishee "shall be entitled to receive ten dollars, which shall be taxed   *   cost," should be construed with the requirement of the section that costs shall be taxed when the case is determined or at the close of each term of the court.

Under section 2035, the court must have adjourned for the term between the date of the dismissal of the action, April 18, 1910, and August 2, 1910, when the motion was made to tax $10.00 attorney's fee in favor of the garnishee.

While it was the duty of the clerk or the court to tax all costs properly allowable in the case, yet the garnishee

was only "entitled to receive" the amount as costs, and if he did not have the matter brought to the attention of the court or the demand for the amount as costs put of record in the case and it was not included in the taxation of and judgment for costs at least "at the close of the term" of the court, no judgment for such costs can be entered after the end of the term. See McGourin v. Town of DeFuniak Springs, 52 Fla. 556, 42 South. Rep. 187. If proper application for taxation of the costs had been made the question of notice to the opposite party could have been settled by the court.

The requirement that costs be taxed when a case is determined "or at the close" of the term contemplates that all proper costs shall be submitted for taxation at least in time to be taxed "at the close" of the term so as to be made up and entered in the judgment of the court before the final adjournment for the term. Even though the amount of the attorney's fee and the conditions on which the garnishee "shall be entitled to receive" it, are fixed by statute, this did not relieve the party "entitled to receive" it of the duty to have it taxed and entered in the judgment of the court before the adjournment for the term. This was not done and operates as an abandonment or waiver of the right.

The judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.