ALABAMA HOTEL COMPANY, A CORPORATION, *Plaintiff in Error*, v. THE J. L. MOTT IRON WORKS, A CORPORATION, *Defendant in Error*.

Opinion Filed January 7, 1923.

1. With respect to the authority of a court over its orders, judgments, etc., the rule of the common law was in effect that a court of record had absolute control over its own orders, decrees, etc., and could vacate or amend them at any time during the term at which they were made.

2. It is a general rule of law that all the judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may then be set aside, vacated, modified, or annulled by that court. But it is a rule equally well established, that after the term has ended all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them; and if errors exist, they can only be corrected by such proceeding by a writ of error or appeal as may be allowed in a court which by law can review the decision.

3. It is also well settled that interlocutory judgments or decrees made in the progress of a cause are always under the control of the court until final disposition of the suit and they may be modified or rescinded upon sufficient grounds shown any time before final judgment should it be after the term in which made.

4. Orders, decrees or judgments made through fraud, collusion, deceit or mistake may be opened, vacated or modified at any time on the proper showing made by the parties injured.

5. A motion to vacate or set aside a judgment or decree is addressed to the sound legal discretion of the trial court on the particular facts of the case. And consequently its determination will not be disturbed on appeal unless it is plain that its discretion has been abused.

6. All amounts fully earned under a construction contract and which can be reduced to judgment in an appropriate action for that purpose may properly be termed an "indebtedness due" under Section 3431, Rev. Gen. Stats. of Fla., 1920.

This case was decided by Division B.

A Writ of Error to the Circuit Court for Seminole County; James W. Perkins Judge.

Judgment affirmed.

*Newell & Boyer* for Plaintiff in Error;

*Louie W. Strum* for Defendant in Error.

TERRELL J.—In January, 1922, J. L. Mott Iron Works instituted a common law suit against Henry Raehn in the Circuit Court of Orange County for goods, wares and merchandise in the sum of $17,000.00. In this suit writs of garnishment were issued and served on various parties supposed to be indebted to defendant, one of which was Alabama Hotel Company, a corporation, plaintiff in error here.

Defendant Raehn moved to dissolve the garnishment against Alabama Hotel Company, which motion was granted, and the order of the Court to that effect was signed, filed and recorded March 8, 1922. On March 10, 1922, the court made and entered an order vacating the order of March 9, dissolving said garnishment, and set the same down for final hearing March 20th, 1922, the order of the court to this effect being in part as follows: "It further appearing to the court that the court did not fully understand the agreement, which was made in chambers at the time that it was made * * * the court now being further advised in the premises, and having considered the matter as stated above, it is therefore ordered and adjudged that said order made by this court on March 8th, 1922, be, and the same is hereby, vacated."

On March 20 the matter was fully presented to the court, and on March 30 an order was made and entered overruling and denying the motion to dissolve the garnishment against Alabama Hotel Company, defendant. Raehn then filed his "motion for new·trial" directed to

the last named order of the court, which was subsequently abandoned. On petition of said Raehn for change of venue the cause was transferred to the Circuit Court of Seminole County, where it proceeded to judgment.

On the Rule Day in May, 1922, Alabama Hotel Company, garnishee, filed its answer to the writ of garnishment, sworn to by its President, admitting that at the time of service of the writ of garnishment on it, it was due and owing Raehn, the defendant, the sum of $3,500, which answer was traversed by plaintiff, J. L. Mott Iron Works.

On May 30, 1922, when the case came on for trial before a jury the garnishee, Alabama Hotel Company, applied for leave to amend its former answer, which application was granted. Alabama Hotel Company instanter filed its sworn amended answer in which it denied that it owed defendant, Raehn, any sum whatever. Plaintiff traversed the amended answer, trial before a jury forthwith ensued, which resulted in a verdict in the sum of $5,201.68 against the garnishee Alabama Hotel Company, on which verdict final judgment was entered and to which writ of error was taken from this court.

The first error assigned is based on the action of the court below dated March 10, 1922, vacating his order of March 8, 1922, dissolving the garnishment and setting same down for final hearing March 20, and on full consideration thereof he entered an order denying the motion to dissolve the said garnishment.

With respect to the authority of a court over its orders, judgments, &c., the rule of the common law was in effect that a court of record had absolute control over its own orders, decrees, &c., and could vacate or amend them any time during the term at which they were made. The Supreme Court of the United States in Bronson v. Schul-

ton, 104 U. S. 410, has very concisely stated the rule in this country to be as follows: ''It is a general rule of law that all the judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may then be set aside, vacated, modified, or annulled by that court. But it is a rule equally well established, that after the term has ended all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify or correct them; and if errors exist, they can only be corrected by such proceeding by a writ of error or appeal as may be allowed in a court which by law can review the decision.''

It is also well settled that interlocutory judgments or decrees made in the progress of a cause are always under the control of the court until final disposition of the suit and they may be modified or rescinded upon sufficient grounds shown any time before final judgment should it be after the term in which made. Blythe v. Hinckley, 84 Fed. Rep. 228; Miller v. Justice, 86 N. C. 26; State v. King, 46 La. Ann. 163, 15 South. Rep. 283; 15 R. C. L. 692; Webb. v. Buckelew, 82 N Y. 555.

Orders, decrees or judgments made through fraud, collusion, deceit or mistake may be opened, vacated or modified at any time on the proper showing made by the parties injured. Taylor v. Sindall, 34 Md. 38; Mayberry v. McClurg, 51 Mo. 256; 1 Black on Judgments 489; 15 R. C. L. 704.

A motion to vacate or set aside a judgment or decree. is addressed to the sound legal discretion of the trial court on the particular facts of the case. And consequently its

determination will not be disturbed on appeal unless it is plain that its discretion has been abused. 23 Cyc. 895.

The order complained of here was made in vacation two days subsequent to the order dissolving the garnishment which was also made in vacation. An inspection of the record discloses that the order dissolving the garnishment was made through mistake or oversight of the trial court, that it did not speak the intention or understanding of the court, and under the law as herein stated governing such orders it was subject to correction by him either of his own motion or that of plaintiff. Cooper v. Rhea, 82 Kan. 109, 107 Pac. Rep. 799, 29 L. R. A. (N. S.) 930.

An inspection of the record further discloses that the garnishee nearly three months after the order complained of voluntarily on May 2, 1922, filed its answer, and on May 30, same month, filed its amended answer to the writ of garnishment thereby submitting itself to the jurisdiction of the court and becoming amenable to the action of the court. Sevier v. Throckmorton, 33 Ala. 512. On consideration of all the facts disclosed by the record we think the order of the trial court assigned as error was well within his authority to make, and no abuse of discretion being shown no error was committed.

The second and only other question presented for consideration here is whether or not the garnishee, Alabama Hotel Company, owed Raehn, the defendant, any amount on January 26, 1922, or May 30, 1922, or any time between said dates which he (Raehn) could have recovered judgment on or which would have been subject to garnishment by the plaintiff herein as a creditor of Raehn.

Section 3431, Revised General Statutes of Florida, 1920, makes provision for the writ of garnishment and is as follows: "Every person who shall have brought a suit to recover a debt or shall have recovered a judgment in

any suit in any court of this State against any person, natural or corporate, shall have a right to a writ of garnishment, in the manner hereinafter provided, to subject any indebtedness due to the defendant by a third person, and any goods, money, chattels or effects of the defendants in the hands, possession or control of a third person. The officers, agents and employes of any companies or corporations shall be, as regards such companies or corporations, third persons, and as such shall be subject to garnishment after judgment against such companies or corporations.''

Section 3436, Revised General Statutes of Florida, 1920, in effect provides that the service of the writ shall make the garnishee answerable for all indebtedness due by him to the defendant, and for any goods, money, chattels or effects of the defendant in his hands, possession or control at the time of the service of the writ, or at any time between such service and the time of his answer. The writ of garnishment in this case was served on the garnishee Jan. 26, 1922, and the amended answer was filed May 30, 1922. The jury returned a verdict for $5,201.68 against the garnishee, on which judgment was rendered.

The garnishee, Alabama Hotel Company, which is the plaintiff in error, resists the judgment on the ground that the amount of the verdict was not an ''indebtedness due'' by said garnishee to Raehn as contemplated by Section 3431, Revised General Statutes as above quoted, and cites West Florida Grocery Co. v. Teutonia Fire Ins. Co., 74 Fla. 220, 77 South. Rep. 209, in support of its contention. In this case there was not an ''indebtedness due'' by reason of conditions precedent or contingencies carried in the policy of insurance in favor of Reddick, and it was entirely possible that no indebtedness would ever be due by reason of such contingencies. For this reason the writ of

garnishment was properly held to be ineffective by this court.

. In the case at bar Raehn had a contract with Alabama Hotel Company amounting to approximately $30,000.00, which the record shows was performed with the exception of a few odds and ends in the way of labor and material to be furnished. The evidence shows that from February 1 to March 11, 1922, both dates inclusive, Alabama Hotel Company paid Raehn sums aggregating $3,551.68, and that at the time of the trial, May 30, 1922, Alabama Hotel Company owed Raehn $2,378.54. The jury in its verdict allowed $250.00 out of the sum found to be due for completion of the contract, which allowance seems to be justified by the evidence. The finding of the jury is amply supported by the record, and the amount found was an "indebtedness due" by the garnishee to Raehn under our statute.

To put the question from another angle, the amount found by the jury to be due Raehn by the garnishee Alabama Hotel Company, was an amount already earned under the contract existing between them, and was an amount that could have been recovered by Raehn against Alabama Hotel Company in an appropriate action for that purpose, the books of said Alabama Hotel Company showing that it actually owed Raehn the sum of $2,378.54, and had after being served with the writ of garnishment herein paid out on credit of Raehn $3,551.68. West Florida Grocery Co. v. Teutonia Fire Ins. Co., 74 Fla. 220, 77 South. Rep. 209; Stephens Lumber Co. v. Cates, 62 Fla. 382, 56 South. Rep. 298; Whittington v. Stanton, 63 Fla. 311, 58 South. Rep. 489; Teeter v. Williams, 3 B. Mon. (Ky.), 562; Phoenix Ins. Co. of Brooklyn v. Willis, 70 Tex. 12, 6 S. W. Rep. 825.

The sixth and seventh assignments of error challenge

certain charges given by the court to the jury. These assignments are not properly before this court. We might state, however, that the charges have been examined and appear to properly state the law applicable to this case.

No error being made to appear, the judgment of the Circuit Court of Seminole County is hereby affirmed.

WHITFIELD, P. J., AND WEST, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.