### G. L. HENDERSON v. MARSHALL MORTON.
152 So. 712.
Division A.
Opinion Filed February 13, 1934.

*Baker & White,* for Plaintiff in Error;
*Coleman & Cook,* for Defendant in Error.

DAVIS, C. J.—On April 3, 1933, this case was decided. On April 19, 1933, rehearing was denied. See Henderson v. Morton, 109 Fla. 300, 147 Sou. Rep. 456. On June 12, 1933, the January Term of this Court ended. See Section 4690, C. G. L., 2961 R. G. S. On December 15, 1933,.

motion to recall mandate and tax costs of appeal was filed by the successful plaintiff in error.

So it appears that the case was finally disposed of during the January, 1933, term, whereas the motion to tax costs was not made until almost at the end of the succeeding term. In Masser & Baron v. London Operating Co., 106 Fla. 474, 145 Sou. Rep. 72, we held that a motion to retax costs is in order during term of Court at which case was finally disposed of, and that recall of mandate or rehearing was unnecessary to enable us to enter an appropriate order taxing costs on appeal.

Rule 24 of the Rules of Supreme Court is as follows:

"When costs are allowed, the amount thereof shall be entered in the body of the judgment or order. Upon the decision of any civil cause at law, the Clerk of this Court shall tax all legal costs against the losing party, unless, upon the special order of the Court, he be required to tax against the prevailing party the costs occasioned by his having caused unnecessary matter to be included in the transcript. Costs in chancery causes shall be taxed under the order of the Court."

In order to give effect to this rule it is the duty of the parties to a cause in the Supreme Court to file in each case a statement of the items of costs they are entitled to recover in a cause. And upon failure of a party to do so this Court will not, *after the expiration of the term* in which a cause was disposed of, order a retaxation of the costs. McGourin v. DeFuniak Springs, 52 Fla. 556, 42 Sou. Rep. 187. After judgment is entered and the term passed the judgment cannot be opened and amended by inserting and including other costs to which the party may have been entitled, if they had been duly demanded and proved during the term. Hyer v. Caro, 18 Fla. 694.

In the present case no itemized statement of costs was filed and served on the losing party at any time during the January, 1933, term at which this case was disposed of. So the only costs which it was the duty of the Clerk of this Court under Rule 24 (which is mandatory on the Clerk in that respect) was the $12.00 docketing fee for docketing the case in this Court.

Costs for verifying and certifying a proper transcript of the record, together with the cost of preparation of the copy thereof necessary to be served on opposing parties, as well as the cost of transmitting the copies of the transcript to the Clerk of this Court and to opposing parties are recoverable as costs on appeal. And so are costs incurred in the Circuit Court after the entry of appeal which are properly a part of the appellate proceedings therein, proper items to be taxed as costs. Sanderson v. Sanderson's Adm'rs, 20 Fla. 292. But in order to claim same and have the same allowed and included in the appellate court's judgment and mandate, a duly authenticated statement of the items of such costs are claimed, must be filed in the appellate court during the term at which the case was finally disposed of, or such costs cannot be allowed by the appellate court. McGourin v. DeFuniak Springs, *supra*.

It follows that the defendant-in-error's objections to the taxation of costs herein must be sustained as to all items claimed by plaintiff in error except the $12.00 docketing fee in the Supreme Court. This latter amount the Clerk was under a duty to include in the appellate judgment without special claim or special order, inasmuch as it was officially known to him as a recoverable item of costs, and the terms of Rule 24 required it to be so included, hence it can be included *nunc pro tunc* at any time during the term or afterwards.

Let an order be entered in conformity with the opinion. WHITFIELD, TERRELL and BUFORD, J. J., concur.