STATE OF FLORIDA *ex rel.* ETHEL MAY COLEMAN, joined by her husband, J. C. COLEMAN v. ROSS WILLIAMS, as Judge of the Circuit Court, Eleventh Judicial Circuit of the State of Florida, in and for Dade County.

3 So. (2nd) 152
En Banc
Opinion Filed June 17, 1941
Rehearing Denied July 10, 1941

*Blakley & Guinan,* for Relators.

*Leland Hyzer* and *Inman Padgett,* for Respondent.

TERRELL, J.—In 1929, Petitioner instituted a common law action against B. J. Kaenig and Henry Hodges to recover damages for personal injuries. The declaration was in two counts and on demurrer was held bad as to the first count but was sustained as to the second count. Defendants failing to plead further, a default was entered against them and in June, 1931, damages were assessed by a jury in due course upon which final judgment was entered.

On August 2, 1940, nine years later, the Circuit Court vacated the final judgment and struck the declaration on the theory that it did not state a cause of action and being so, the judgment predicated on it was void. Alternative writ of mandamus was forthwith directed by this Court to the Circuit Court commanding him to vacate his said order of August 2, 1940, or show cause why he refused to so do.

The question of whether or not mandamus is the proper remedy, whether the Clerk of the Circuit Court had power to enter the default and whether or not the Circuit Judge had power to enter the final judgment on the verdict of the jury without placing the cause on the trial docket and giving notice is too academic to admit of discussion so we pass these questions *sub silentio*.

The only question we consider necessary to discuss is whether or not the Circuit Court had power to vacate the final judgment nine years after its entry.

If the judgment was utterly void, it could be moved against at any time but if not void, it became final at the end of the term during which it was entered and beyond the reach of the Circuit Court. Alabama Hotel v. Mott Iron Works, 86 Fla. 608, 98 So. 825.

We do not think the judgment in this case was void. The declaration had been upheld by the trial court and final judgment was entered on the verdict of the jury after due notice and every opportunity the law affords was given the defendants to amend, plead, or offer their defense. They did not appear and let the time pass in which writ of error is available to them. In such a situation, the Circuit Court was without power to vacate or amend the final judgment.

This being our view, it follows that the peremptory writ must be and is hereby granted.

It is so ordered.

WHITFIELD, BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concur.

BROWN, C. J. dissents.