49 So.2d 83 (1950)
WHEELER FERTILIZER CO.
v.
ROGERS, Circuit Judge.
Supreme Court of Florida, en Banc.
December 8, 1950.
Carver & Langston, Lakeland, for petitioner.
L.D. Oxford, Lakeland, for respondent.
*84 CHAPMAN, Justice.
This is a case of original jurisdiction in mandamus. It appears by the record that David Borders, by his father and next friend, Leon R. Borders, Wilburn Borders, by his father and next friend, Leon R. Borders, and Leon Borders individually, filed their declaration in the Circuit Court of Polk County, Florida, against the Wheeler Fertilizer Company. The declaration was in three counts and claimed damages for the negligent operation of a truck and trailer on U.S. Highway 92 at or near the east limits of the City of Lakeland on October 9, 1947. The three minors, it was alleged, were each permanently injured on October 9, 1947, as a result of the negligent operation of a truck by an agent or employee of the Wheeler Fertilizer Company.
On May 5, 1949, Honorable D.O. Rogers, Circuit Judge, entered an order sustaining a demurrer to plaintiffs' declaration on grounds: (1) there was a misjoinder of parties; and (2) the declaration on its face shows that the plaintiffs' own negligence was the cause of their injuries. On August 1, 1949, counsel for the Wheeler Fertilizer Company filed a motion for a final judgment on the pleadings largely on the ground that an amended declaration had not been filed by the plaintiffs as required by law. The trial court, on June 16, 1949, entered a final judgment for the Wheeler Fertilizer Company. The final judgment was not filed in the Clerk's office until August 1, 1949. On March 2, 1950, after the expiration of the term of court in Polk County, Florida, the trial court entered an order vacating, revoking and holding for naught the final judgment previously entered in the cause under date of June 16, 1949.
The record discloses that three separate common law actions were subsequently brought against Wheeler Fertilizer Company by the injured minors above named, by their father and next friend. These suits sought damages for the alleged injuries sustained October 9, 1947. The final judgment, supra, entered June 16, 1949, was plead as a bar against recovery by each of the three minor plaintiffs and it was contended that on the basis of this final judgment, as a matter of law, the trial court was compelled to dismiss the three common law suits. The trial court in its order dated March 2, 1950, which vacated and set aside the final judgment dated June 16, 1949, recited many of the facts surrounding the entry of the final judgment. A review of the facts recited in the order reflects confusion and uncertainty and it is doubtful whether counsel for the parties, as well as the trial court, clearly appreciated the status of the pleading when the final judgment was entered on June 16, 1949. Mr. Oxford apparently had no knowledge of the entry of the final judgment and attorney Langston accepted service of process in the subsequent three suits brought against his client, the Wheeler Fertilizer Company. The order recites that attorney Langston refused or declined to urge as a defense to the three subsequent common law suits the final judgment dated June 16, 1949, but this defense was presented by another member of the firm appearing as counsel for the Wheeler Fertilizer Company.
This order further recites: "The court inadvertently signed the order on defendant's demurrer to the declaration in this cause and would not have signed said order if he had known that the plaintiffs were not thereby granted the right to amend or institute separate suits. In signing said order, the court assumed that it carried into effect the plan stated in open court at the hearing on the demurrer * * * the order did not grant or deny plaintiffs the right to amend, and plaintiffs being entitled to the privilege of amending or filing new actions, the entry of final judgment was at least premature in that no time for further pleading had been fixed and therefore had not expired, and under the facts, plaintiffs would have been entitled to notice and no notice was given."
On the petition of the Wheeler Fertilizer Company filed in this court we issued an alternative writ of mandamus against the Honorable D.O. Rogers, Circuit Judge of Polk County, Florida, commanding that he immediately enter an order expunging, vacating and setting aside the order by him signed on March 2, 1950, in the above cause, and upon failure on his part so to do, that *85 he appear before this Court and show cause why he failed or declined to make and enter the order as commanded by the alternative writ so to do.
An answer or return by the respondent was filed to the alternative writ of mandamus and pertinent portions thereof are viz.:
"I. That the order complained of by petitioner by which respondent vacated and set aside nunc pro tunc previous orders dated May 5, 1949 and June 16, 1949, was entered by respondent as Circuit Judge on his own motion when it developed and was brought to the attention of respondent that said previous orders had been procured through mistake and under such circumstances that would cause said orders to be void, and if not vacated and set aside, a gross miscarriage of justice would result, the facts being as follows, viz.:
"At the hearing on the demurrer of the petitioner herein to the declaration of the said Leon R. Borders et al, on May 5, 1949, counsel for the plaintiffs conceded the ground of demurrer that there was a misjoinder of parties plaintiff and respondent, as Circuit Judge, granted plaintiffs the privilege to amend or to file three separate suits, and respondent relied upon counsel to prepare and present an order in accordance with the announced ruling or decision; that the petitioner herein was represented at said hearing by B.J. Langston, Esq., of the firm of Carver & Langston, and on March 2, 1950, advised respondent in the presence of William G. Carver, Esq., of the same firm, that he was of the opinion that the plaintiffs were granted the right to amend, but it appeared from the original order that no such right appeared therein; that it affirmatively appeared that either a mistake was made in the preparation of said order, or that respondent made a mistake in relying on counsel, as per his usual custom, to present an order conforming to the announced ruling and decision of the court, and this respondent respectfully submits that he would not have signed said order if he had been advised or had known that said order did not grant the plaintiffs a right to amend or to file new suits.
"Counsel for petitioner herein, the said B.J. Langston, Esq., further admitted and stated to respondent, as Circuit Judge, that opposing counsel advised him that plaintiffs would either file three new and separate suits, or amend the pending suit so as to leave one party plaintiff and file two new suits, one each for the two remaining plaintiffs, and that he promised opposing counsel that he would seek authority to accept service of process in the new suits to be filed, which authority he later obtained and exercised when three new suits were filed.
"The said B.J. Langston, Esq., of the firm of Carver & Langston, further informed respondent, as Circuit Judge, that upon being requested or directed by William G. Carver, of the same firm, to prepare and present a motion for and final judgment on the pleadings in the original suit, he refused so to do, and that he refused to prepare and present motions to dismiss the new suits upon the ground that final judgment on the pleadings had been entered in the original suit.
"II. The record shows that the motion of the petition herein for final judgment on pleadings was signed and presented by the said W.G. Carver, Esq., and that the same was based upon the failure of plaintiffs to file any pleading, amended declaration or other matter as required by law, when as a matter of fact the time for filing further pleadings had not expired, and respondent signed said final judgment on the pleadings by mistake, relying on counsel for the petitioner herein and believing that the plaintiffs had been granted the right to amend or to file new suits, in accordance with the ruling and decision of respondent, as Circuit Judge, and believing that the time allowed had expired, Respondent respectfully submits that he would not have signed said final judgment on the pleadings if he had known or had been informed as to the facts.
"The record further shows that said final judgment on the pleadings is dated June 16, A.D. 1949, but that the motion therefor and said final judgment were not filed in the office of the Clerk of the Circuit Court until August 1, A.D. 1949, some six weeks after *86 the same was signed. Respondent respectfully submits that said final judgment on the pleadings was entrusted to the said William G. Carver, Esq., of counsel for the petitioner herein, for filing in said Clerk's office.
"III. The record further shows that no notice of hearing on the motion for final judgment was given to counsel for plaintiffs and counsel contends that he was without knowledge as to the order of demurrer not being in conformity with the trial court's announced ruling and decision and as to the entry of said final judgment on the pleadings until after the filing of the new suits in behalf of the plaintiffs.
"IV. Respondent respectfully submits that orders, decrees or judgment procured through fraud, collusion, deceit, or mistake, may be opened, or modified at any time, on a proper showing made by the parties injured, and that the plaintiffs should not be deprived of their rights under the facts and circumstances."
Counsel for petitioner filed in this Court its motion for a peremptory writ of mandamus, the return of the respondent notwithstanding. It is established law that where a return to an alternative writ of mandamus is sufficient to bar the issuance of a peremptory writ, a motion for a peremptory writ, the return notwithstanding, will be denied, and the alternative writ quashed and the proceedings dismissed. State ex rel. Gillespie v. Carlton, 103 Fla. 810, 138 So. 612. A motion for a peremptory writ, notwithstanding the return, is equivalent to and operates as a demurrer to the well pleaded facts set forth in the respondent's return. State ex rel. Harrington v. City of Pompano, 136 Fla. 730, 188 So. 610. The controlling question here is whether or not the facts set out in the return as made by the respondent to the alternative writ of mandamus, as a matter of law, constitute a good defense. The well pleaded facts in the return are admitted to be true on motion for a peremptory writ of mandamus, the answer or return notwithstanding.
Counsel for petitioner point out that after the term of the Circuit Court had ended (in October, 1949, in Polk County) all final judgments and decrees of the court then passed beyond its control, unless steps were taken during that term, by motion or otherwise, to set aside, modify or correct them, and if errors exist they can only be corrected by the Supreme Court on appeal. The cases of Alabama Hotel Co. v. J.L. Mott Iron Works, 86 Fla. 608, 98 So. 825, and State ex rel. Coleman v. Williams, 147 Fla. 514, 3 So.2d 152, and similar cases, are cited to sustain the contention. The respondent contends that the above principle of law is wholly inapplicable to this controversy but the exception thereto is here controlling and is clearly stated in Alabama Hotel Co. v. J.L. Mott Iron Works, supra, and has been frequently reaffirmed by this Court. The rule is viz.: "Orders, decrees, or judgments, made through fraud, collusion, deceit, or mistake, may be opened, vacated, or modified at any time, on the proper showing made by the parties injured." [86 Fla. 608, 98 So. 826.]
Petitioner's motion for a peremptory writ of mandamus admits that the final judgment dated June 16, 1949, was inadvertently entered through error or mistake by the respondent, as reflected by the return or answer. The respondent had the right, as a matter of law, to correct the error or mistake by vacating and setting aside and holding for naught the final judgment entered on June 16, 1949. State ex rel. Melbourne State Bank v. Wright, Circuit Judge, 107 Fla. 178, 145 So. 598; Zemurray v. Kilgore, 130 Fla. 317, 177 So. 714, and similar cases. It is our conclusion that the peremptory writ of mandamus should be denied, the alternative writ previously issued should be quashed and the petition be dismissed.
It is so ordered.
TERRELL, HOBSON and ROBERTS, JJ., concur.
SEBRING, J., not participating.
HOBSON, Justice (concurring specially).
Although I concur in the opinion prepared by Mr. Justice Chapman I cannot subscribe unqualifiedly to the rule laid down by him, *87 to-wit: "Orders, decrees, or judgments, made through fraud, collusion, deceit, or mistake, may be opened, vacated, or modified at any time, on the proper showing made by the parties injured." (Italics supplied.)
The foregoing rule was pronounced in the case of Alabama Hotel Company v. J.L. Mott Iron Works, 86 Fla. 608, 98 So. 825, 826. In that case the order vacating a previous order of March 8, 1922, was made on March 10, 1922. The order of March 8, 1922, was one by which the court dissolved a garnishment against Alabama Hotel Company. This order was not a final judgment. Moreover, the order of March 10, 1922, was obviously rendered at the same term of court in which the order of March 8, 1922, was entered. Consequently, the question of whether the court had lost jurisdiction of the cause by virtue of the passing of the term was not presented. Such question is before us in the instant suit. The rule which was necessarily enunciated in the Alabama Hotel Company case, and which was controlling therein, was stated as follows:
"It is also well settled that interlocutory judgments or decrees made in the progress of a cause are always under the control of the court until final disposition of the suit, and they may be modified or rescinded upon sufficient grounds, shown any time before final judgment, should it be after the term in which made."
The rule with which we are dealing in the instant suit was clearly obiter dictum in the opinion in the case of Alabama Hotel Company v. J.L. Mott Iron Works, supra.
The authorities cited in the case of Alabama Hotel Company v. J.L. Mott Iron Works, supra, in support of the rule to which reference has previously been made deal exclusively with the subject of judgments, orders or decrees which had been entered by virtue of collusion or fraud with the single exception of the case of Taylor v. Sindall, 34 Md. 38.
A somewhat exhaustive study of the cases and text books on the subject of setting aside orders, decrees or judgments after the term has passed convinces me that it is not every mistake  certainly not a mistake in the sense of judicial error  which may be made a predicate for an order vacating a final judgment rendered in a term of the Circuit Court which had expired. The inadvertence on the part of the Circuit Judge in this case in entering the final judgment which he subsequently vacated was brought about by a misunderstanding of the actual verbal order which was made by the Judge when he sustained the demurrer to the declaration. It was the understanding of the court that counsel for the respective parties had agreed that counsel for the plaintiffs would either amend their declaration or file three separate suits. This understanding was not carried forward when the verbal order was reduced to writing. An order is usually considered rendered when it is pronounced by the judge in open court. Such order is the true order and its reduction to writing is merely for the purpose of completing the record and of providing a predicate for execution or appeal. The original mistake in reducing the court's verbal order to writing was in the nature of a misprision and resulted in the inadvertent rendition of the final judgment. We have repeatedly held that a misprision or clerical error may be corrected at any time to the end that the order may speak the truth. See Adams v. ReQua, 22 Fla. 250; Hyer's Executors v. Caro's Executrix, 18 Fla. 694; McGourin v. Town of DeFuniak Springs, 52 Fla. 556, 42 So. 187; Kroier v. Kroier, 95 Fla. 865, 116 So. 753.
The Circuit Judge in his return to the alternative writ does not charge counsel with fraudulent conduct but he stated definitely that he relied, as was his custom, upon counsel to prepare an order in accordance with his verbal ruling. It is, therefore, clear that regardless of the good motives on the part of counsel who prepared the order (and likewise regardless of the theory of misprision) a fraud upon the rights of the plaintiffs in the original suit followed this inadvertence as a natural consequence. It is my opinion that the mistake in this case was of such character as to justify the order *88 of the Circuit Court vacating the final judgment rendered not upon the merits but solely upon the pleadings. Compare the case of State ex rel. Alfred E. Destin Co. v. Heffernan, Fla., 47 So.2d 15.
ADAMS, C.J., and TERRELL, CHAPMAN, THOMAS and ROBERTS, JJ., concur.