FORCHEIMER BROTHERS, APPELLANTS, VS. SARAH A. TARBLE ET AL., APPELLEES.

1. Under the Constitution and laws of this State, as they were in August, A. D. 1876, a Circuit Judge was not empowered to set aside in vacation a final judgment, entered during a term of the court on default of the defendant in a common law action.

2. Myrick vs. Merritt, 21 Fla., 799, denying power of Circuit Judge to undo or alter in vacation, under the act of 1879, (chapter 3121) the final disposition made of a case in term time, approved.

Appeal from the Circuit Court for Escambia county.

The facts of the case are stated in the opinion.

W. A. *Blount* for Appellants.

*Maxwell & Mallory* for Appellees.

MR. JUSTICE RANEY delivered the opinion of the court:

The bill of complaint shows that on April 16th, 1878, Mrs. Tarble purchased from Geo. S. Wells and received a deed of conveyance of the land described, lying in the city of Pensacola; that she and her husband, the appellees, are in possession of it; that appellants have caused it to be levied on and are about to sell it under an execution issued January 29th, 1876, on a judgment rendered by the Circuit Court of Escambia county in term on August 5th, 1874, in their favor against Wells; that on August 1st, 1876, the

judgment and execution were set aside and vacated by an order made in vacation by the Judge of said court, and that the order so vacating such judgment and execution remained unreversed and unrescinded until a certain day in January, 1886, when said Circuit Court in term made an order vacating said order of August 1st, 1876. A transcript of the proceedings in the action against Wells is annexed to and made a part of the bill as showing the alleged proceedings therein. The bill prays an injunction, and general relief.

The Chancellor made an order granting a temporary injunction, and from this order the appeal is taken.

The power of the Judge to set aside in vacation a judgment rendered in term time, and the finality of such judgment after the adjournment of the term, is the question presented by the record before us.

In Horn vs. Gartman, 1 Fla., 197, where a petition for a re-hearing was applied for after the adjournment of the term at which the cause had been decided, this court, at the next term, denying the motion, said: " After the term, as a general rule, the court cannot exercise power or control over a cause which has been determined, further than to perfect and carry out its judgment by orders correcting errors apparent in the proceedings or similar errors ;" and, remarks this court in Trustees of the Internal Improvement Fund vs. Bailey, 10 Fla., 257, " the judgment of this court during the term in which it is pronounced, like any other order, may be vacated, corrected and changed. But after it is enrolled, and the term passed at which it was pronounced, the power of the court over the record ceases, and the judgment possesses a solemnity and sanctity which holds it sacred, and cannot be even appealed from, much less recalled." Of course, however, the learned Judge did not mean that the judgment of the Supreme Court of one of

the States of the Union cannot be reviewed on writ of error by the Supreme Court of the United States, in those particular cases where such right of review exists; he was speaking generally and with reference to the fact that this State was then one of the Confederate States, whose judiciary system was not then, if ever, perfected by the institution of a Supreme Appellate Court having such a jurisdiction.

In Robb vs. Robb, 2 A. K. Marshall, 646, on a bill for a ·conveyance of land and settlement of accounts, a decree was rendered at the October term, 1817, dismissing the bill and allowing the defendant costs, for which execution issued after the expiration of the term. At the October term, 1818, without any appearance of the parties, another decree was entered in the same cause for a large sum of money in favor of complainants. "How such extraordinary proceedings should have taken place cannot be told by the record. The latter decree must have happened by some undesigned mistake on the part of the court arising from the negligent or improper acts of the Clerk or some of the parties. Be this as it may, it is clear the power of court when it rendered a final decree and discharged the parties at one term, and that term had ended without further order, ceased over the record, and the latter decree is clearly erroneous, if not irregular and void, and must be reversed and held for naught." Ibid, 647. In Nuckalls vs. Irwin, 2 Nebraska, 60, a final judgment dismissing a complaint was entered at the March term, 1869, of the District Court, and at the October term, 1870, another and similar judgment was also entered, each judgment adjudging costs in favor of the defendants, and it was held that when a judgment is once entered of record it must stand as the judgment of the court until vacated, modified or disposed of by the process prescribed by law, and that entering another judgment is not

such process. In Sedgwick vs. Dawkins, 16 Fla., 198, (A. D. 1877,) it was held that a motion in arrest of judgment made at one term cannot under our statutes be changed by amendment or otherwise, at a subsequent term, into a motion for a new trial; also that Clerks of the Circuit Court have no authority to enter a judgment after the expiration of a term upon a verdict rendered in term; and such an entry, though placed in the minutes as being rendered during term, may be inquired into by the court at a subsequent term, and if no such judgment was rendered by the court, such entry will be corrected, this being done by virtue of the court's inherent authority to make its records speak the truth as to what was really done, but not to alter or undo what was done. "When a final judgment has once been pronounced, and the term at which it is given has expired, neither the court nor the parties to the record have any longer any power or control over it. It then becomes a public judicial record with the seal of finality and truth, not to be affected except when assailed upon the ground of fraud, want of jurisdiction or other like ground. What is here affected by the action of the court after expiration of the term is not a judgment of the court; it is an act of the Clerk not authorized by law    *    *    such an act [of the Clerk] cannot be protected by interposing the sanctity and verity of a judicial record." Ibid, 202 and 203.

In Wicks et al. vs. Ludwig et al., 9 Col., 173, the action was trespass, and defendants pleaded, among other matters, a judgment which had been rendered in vacation by a Judge of the district court under a stipulation of the parties that the cause in which it was rendered should be heard and tried in vacation, and " his judgment should be rendered as the judgment of the court, and should have the same effect as though the case was decided by the Supreme

Court." It was held to be essential to the validity of a judgment that it be rendered by a competent jurisdiction at the time and place, and in the form prescribed by law, and that the judgment pleaded was a nullity. In Peabody vs. Phelps, 7 Col., 53, a judgment entered against the defendant by the Clerk in vacation on the report of a referee was held to be a nullity.

When the order of August 1st, 1877, was made in the case before us, by Judge VanNess, no statute like that of 1879, (chapter 3121) empowering Circuit Judges to exercise in vacation any jurisdiction or power (with a certain qualification as to issues triable by jury) they were then authorized to exercise in term time, was in existence. The constitution vested the judicial power in the Circuit Courts, requiring them to hold regular terms, and the statute fixed the terms and authorized special terms. In these courts, as distinguished from the mere Judges thereof, were vested the judicial power, except in cases of certain writs which the constitution authorizes the latter to issue. The act of 1877 (chapter 3001) as to the trial in vacation of motions involving issues of law in civil cases, other than motions for a new trial, and in arrest of judgment, had likewise not been passed.

The statutes referred to were rendered necessary for the exercise in vacation of such power as they confer, by the fact that in common law cases all such powers appertain to the *court*, by which was meant the court in a term, regular or special. Moreover, in Myrick vs. Merritt, 21 Fla., 799, it was held that the above act of 1879 was never intended to authorize a Circuit Judge to exercise in vacation greater power than he could have before exercised in term, and it is certain we may say that the act of 1877 was not so intended; it, like that of 1879, gives no such authority. He certainly could not at a subsequent term have made an

order like that of August 1st, 1876, vacating the final judgment rendered at a previous term. That judgment was rendered in an action in which there was jurisdiction of the person and of the subject matter. Though it may be irregular, it was not void, and cannot be treated as a nullity. Consequently the only way in which the irregularity, if material, could have been reached, was by writ of error, or it may be an appeal under our statute to this court.

In view of the principles set forth in the authorities cited above, we are confident that there is no feature of the extended contest and many proceedings, presented by the transcript of the action against Wells, which affects the judgment of August 5th, 1874, as a valid judgment, or renders the rescinding order of August 12th, 1876, of any validity; on the adjournment of the term at which the judgment was rendered the Judge's authority to change or vacate it ceased. In reversing the order granting the injunction we do so without prejudice to appellees' rights to amend their bill so as to assert an estoppel against the appellants, or otherwise not inconsistent with this opinion, if upon further consideration they should think it advisable.

The order appealed from will be reversed accordingly.