I. ZEMURRAY v. BARNARD KILGORE.

177 So. 714.
Division B.
Opinion Filed December 6, 1937.

318

*McMullen, McMullen & Pogue, Akerman & Dial* and
C. P. Dickinson, for Plaintiff in Error;

*C. E. Ware,* for Defendant in Error.

BROWN, J.—Del Oro Groves, a Florida corporation, being indebted to Dr. P. Phillips in the sum of $145,324.24, did on May 1, 1925, execute to the Guaranty Title & Trust Company, as Trustee, its mortgage in that amount, encumbering certain described property, to secure a note in the same amount executed and delivered to Dr. P. Phillips.

Part of this mortgaged property was, on April 5, 1928, leased to Barnard Kilgore for a term of five years. The property under lease constituted a citrus grove which the lessee, Barnard Kilgore, covenanted to cultivate, spray, fertilize, prune and otherwise manage and care for in accordance with good husbandry.

Dr. P. Phillips, did, on March 12, 1928, transfer by assignment the mortgage on the property in question as well as the note to I. Zemurray.

Due to default in making payments when due, the mortgage on said property was foreclosed by R. D. Robinson, as Trustee in Bankruptcy for I. Zemurray, final decree being entered in the foreclosure proceedings on August 11, 1932. It was further ordered by the court in that foreclosure proceeding that the purchaser at the foreclosure sale should take subject to the lease of Barnard Kilgore on the property.

On September 5, 1932, the property was sold by the Special Master in Chancery to the Dr. P. Phillips & Sons, Inc., for the sum of $10,000.00, being the highest and best bid made for the property. The sale was confirmed by the court on September 15, 1932.

On December 5, 1932, I. Zemurray (purportedly . at least) filed his declaration against Barnard Kilgore, which, after alleging the facts hereinbefore set out, charged Barnard Kilgore with failure to "cultivate, spray, fertilize, prune and otherwise manage and care for said groves in strict accordance with good husbandry," in violation of a covenant of the lease, resulting in damage to the plaintiff in the sum of $100,000.00.

On the next succeeding rule day, January 2, 1933, the defendant filed his demurrer, his motion to strike and his motion for compulsory amendment, each addressed to the declaration.

No further action was taken in the case until August 30, 1934, when the defendant filed his motion to dismiss the suit or to enter judgment in favor of defendant, which motion embraced eight grounds which were in substance that the plaintiff, I. Zemurray, had no knowledge of the suit of I. Zemurray v. Barnard Kilgore, pending in the Circuit Court of Pinellas County, until April 1, 1934; that plaintiff disclaimed any interest or claim against the defendant under the declaration, and had no interest in the suit either in an individual capacity or otherwise.

Attached to the motion was an affidavit of I. Zemurray, reciting that the affiant, at the request of Dr. P. Phillips, gave a power of attorney to Walter Phillips; that it had been made known to affiant that certain transactions were being carried on in his name under that power of attorney, but that he had no interest whatever in them, enumerating a number of suits and transactions in which he had no interest or knowledge, *including the instant suit;* that affiant listed in the schedule filed in the bankrupt cause pending against him in Alabama, all of the assets he owned, or had any interest in, or ever directly or indirectly put any

money in; that affiant signed certain papers pursuant to an understanding with Dr. Phillips that certain transactions were to be carried on in affiant's name, being assured that no trouble could come to him because of this.

The court entered an order that the plaintiff, I. Zemurray, be allowed until 9:30 A. M., on September 20, 1934, to show cause why the motion to dismiss the cause should not be granted and the cause dismissed or judgment entered for defendant.

Thereafter Dr. P. Phillips & Sons, Inc., filed its motion, praying that it be substituted as party plaintiff in lieu of the nominal plaintiff, I. Zemurray, or that further proceedings be stayed for a reasonable time to enable the movant to prosecute its suit in equity, pending in the United States District Court, against I. Zemurray, so as to have its title to the cause of action herein quieted and removed of doubts.

The Court ordered the hearing on the motion to dismiss the cause continued until 10:00 o'clock A. M., on September 28, 1934.

On September 25, 1935, Cyril E. Pogue filed an affidavit stating that he was an attorney for the plaintiff in this case; that affiant was requested and authorized to institute this suit by Walter Phillips, who exhibited to affiant a power of attorney executed, on May 1, 1929, by plaintiff; that neither Walter Phillips nor the plaintiff have ever requested that this suit be dismissed, discontinued or in anywise abated.

In response to the order of the Court making a rule to show cause why the action should not be dismissed, Dr. P. Phillips & Sons, Inc., moved that wherever in the declaration the name of "I. Zemurray" occurs, there be substituted in its stead "I. Zemurray for the use and benefit of Dr. P. Phillips & Sons, Inc., a corporation." Attached

to the motion was an affidavit of Walter Phillips that he was attorney in fact for I. Zemurray, and that the power of attorney had not been revoked. There was also attached another affidavit of Walter Phillips that he acted under the power of attorney in filing this suit; that at the time the suit was filed, I. Zemurray held the bare legal title to the cause of action involved and the suit was brought for the benefit of Dr. P. Phillips & Sons, Inc. Also attached was the power of attorney given by I. Zemurray to Walter Phillips to prosecute and carry to completion all actions and legal proceedings in the State of Florida.

The Court denied the motion.

On September 30, 1935, the Court entered its final judgment and order that plaintiff recover nothing from the defendant and that he go hence without day; and that defendant recover from plaintiff his costs incurred in this cause.

On December 26, 1935, after the term during which the final judgment was entered had expired and another term had begun, plaintiff filed his motion, containing ten grounds, to set aside the final judgment, stating that the final judgment was entered without the Court having knowledge of the facts and circumstances set out in the motion; that the judgment was entered under such a misapprehension of the true facts and circumstances that the judgment should be set aside and the cause reinstated.

Attached to the motion was an affidavit of I. Zemurray to the effect that affiant had made a prior affidavit regarding this suit; that about the year 1926 affiant gave Dr. P. Phillips permission to use his name in business transactions and in suits involving the property of Dr. P. Phillips or any of his companies; that later, in pursuance of that agreement, affiant executed to Walter Phillips, son of Dr.

P. Phillips a power of attorney; that affiant held only the legal title in these matters and the real interest was either in Dr. P. Phillips or in some of his companies, and Dr. P. Phillips gave affiant a document agreeing to hold affiant harmless in the use of his name; that W. B. Dickenson and T. E. Kaney visited affiant in Alabama, and affiant inferred, whether rightly or wrongly, from the conversation and demeanor of the said Kaney that Kaney was an investigator inquiring into affiant's failure to list certain properties in Florida as assets in the bankruptcy proceeding involving affiant in Alabama; that affiant denied to them that he committed any offense or that he owned property in Florida and told them they probably had reference to property that Dr. P. Phillips had put in affiant's name; that when these visitors explained they were on their way to Birmingham, affiant became excited and explained the arrangement with Dr. P. Phillips; that so far as affiant knows the arrangement with Dr. P. Phillips still existed when the mortgage foreclosure was instituted in affiant's name against Del Oro Groves; that affiant did not know his prior affidavit would be used to dismiss the suit against Barnard Kilgore, and it was agreeable with affiant that the suit should be continued in his name for the benefit of the real party in interest, one of the Dr. P. Phillips companies; that the main purpose in making the previous affidavit was to assure the visitors of the true status of affiant not listing in said bankruptcy proceeding the property in Florida standing in his name. But in this affidavit affiant did not deny the truthfulness of his prior affidavit.

The Court denied the motion to set aside the final judgment on the ground that it was without jurisdiction, since the motion was filed after the term, during which final judgment was entered, had expired.

On January 23, 1936, writ of error was taken to the final judgment, entered September 30, 1935, at a previous term of court.

The first question presented is whether it was error for the court, while the cause was pending on demurrer and motion for compusory amendment, to enter final judgment for the defendant, upon motion of the defendant to either dismiss the case or to enter judgment in favor of defendant.

The trial court cannot be said to have erred, simply because there were on file and undisposed of, at the time of dismissal of the cause and entry of final judgment in favor of defendant, a demurrer and a motion for compulsory amendment. Nor does it appear that the plaintiff had any right to object to the Court's omission to rule upon defendant's said demurrer and motion addressed to plaintiff's declaration before granting the motion for judgment. Whenever a legal cause exists for which an action may be dismissed and judgment entered for the defendant, and this fact is called to the attention of the Court by motion of a party, it would be useless for the Court to first hear the arguments on and consider the demurrer and motion for compulsory amendment, before taking up and disposing of the motion to dismiss and for entry of judgment for defendant.

The reason the Court had for dismissing the cause and entering judgment for the defendant was that the plaintiff, I. Zemurray, had disclaimed any right, title or interest in the subject matter in litigation such as would support an action by him. The action was for damages to plaintiff occasioned by breach of a covenant of the lease. The lease of the property to Barnard Kilgore contained the following paragraph:

"THIS INDENTURE OF LEASE, made in quadruplicate, and

entered into this 5th day of April, A. D. 1928, by and between Guaranty Title & Trust Company, a corporation organized and existing under the laws of the State of Florida, as Trustee under deed from Del Oro Groves, Inc., dated May 1, 1925, and in no other capacity for Del Oro Groves, Incorporated, W. B. Knapp, and P. Phillips; and Del Oro Groves, Incorporated, a corporation organized and existing under the laws of the State of Florida, W. B. Knapp, and P. Phillips, individually, in their own right and as *cestuis que trustent* of said Guaranty Title and Trust Company, Trustee as aforesaid, collectively and individually, as Lessors; (said above named parties being and representing themselves as being the holders of both the legal and equitable title to the real estate hereinafter described) and Barnard Kilgore of Pinellas County, Florida, as Lessee:"

Thus the lease was made with the mortgagee as well as it was with the mortgagor of the property. It was made by the mortgagee and his trustee, Dr. P. Phillips and the Guaranty Title & Trust Company, as Lessors, and Barnard Kilgore, as lessee. The corporation, Dr. P. Phillips & Son, Inc., were not parties to the lease; nor was I. Zemurray a party thereto.

The interest of Dr. P. Phillips in and to the mortgage and note were assigned to I. Zemurray by Howard Phillips, attorney in fact for Dr. P. Phillips, the mortgage was foreclosed and the property was sold to Dr. P. Phillips & Sons, Inc. But the lease was not assigned to I. Zemurray, and he acquired no right to bring this action for breach of one of the covenants of the lease.

"By the common law rule an action upon a covenant can be brought only by the covenantee, or by his personal representative, when the covenant does not run with the

land, or when it does so run, provided the breach occurs prior to his death, or by his heirs or devisees if the breach occurs after his death." 15 C. J. 1299, Sec. 188.

However, the strict common law rule has been modified by statute, and the assignment of a covenant vests the assignee with the same rights, powers and capacities as might have been possessed by the assignor." Sec. 4330 (2664) C. G. L.

Though the common law rule has been modified the statute has not done away with the requirement of an assignment of a lease before a person may bring an action for damages due to a breach hereof. The fact that the mortgage was assigned to plaintiff and foreclosed by him does not mean that the rights under the lease were also assigned to him. The mortgage and the lease are two separate and independent contracts, and the assignment of the mortgage will not impliedly carry with it the assignment of the lease. There must be an assignment of the lease itself. I. Zemurray, in whose name this action for breach of a covenant of the lease was instituted, had no basis for his claim of right, and the action was properly dismissed and final judgment entered for defendant. On this connection, see Wade v. Doyle, 17 Fla. 522; 531; Leon v. Karrison, 47 Fla. 178, 36 So. 173; Wright v. Terry, 23 Fla. 160, 2 So. 6.

The second question presented is whether the court erred in issuing its rule to show cause why this suit should not be dismissed.

The method of procedure and conduct of hearing motions is, in the absence of a rule of court or statute on the subject, largely within the judicial discretion of the court, and is not subject to review unless the discretion has been abused. 42 C. J. 503, Sec. 122. It has been said that:

"An order to show cause has no greater effect than an

ordinary notice of a motion served without the sanction of the court or judge, except in respect to shortening the time of service. Such an order is not to be regarded as an indication of any opinoin by the court upon the merits of the application, and will not shift the burden of proof." 42 C. J. 489, Sec. 69.

The record in this cause shows that the court issued a rule to show cause on August 30, 1934; and on September 14, 1934, continued the hearing on the rule until a later date, after which a motion in response to the rule was filed; and final judgment was not entered in the cause until September 30, 1935. No abuse of discretion on the part of the trial judge has been made to appear in this matter, and we cannot say that.the court erred in issuing the rule to show cause.

The third question presented is whether the court erred in refusing to allow Dr. P. Phillips & Sons, Inc., to be substituted as sole party plaintiff in lieu of I. Zemurray, upon motion of the former.

The rule as laid down in 47 C. J. 157, Sec. 294, is as follows:

"In the absence of statutory provision an entire change of parties plaintiff by substitution, in effect amounting to change of the cause of action, cannot be permitted. However, where there is no change in the cause of action and the party substituted bears some relation of interest to the original party and to the action, the substitution may be allowed, as where the substitution is of one having the legal right to sue instead of one improperly named as plaintiff."

See also 20 R. C. L. 697, Sec. 35, to the same effect.

This rule if it should be adopted in this State, permits the substitution of a sole party plaintiff for another sole

party plaintiff, where the cause of action remains identically the same after the substitution, and where the substituted party plaintiff bears some relation of interest to the original party plaintiff and to the action. The Court must be satisfied that the party to be substituted as plaintiff has a right to proceed with the action as it is then framed, before he permits the substitution. The exact question argued appears to be new to this jurisdiction, but we need not decide whether the Court erred in denying the motion of Dr. P. Phillips & Sons, Inc. to be substituted as party plaintiff because the maker of the motion is not a party to this writ of error, and the sole plaintiff in error, I. Zemurray, has not been harmed by the ruling of the Court.

The fourth question presented is whether the Court erred in refusing to set aside the judgment entered in favor of defendant, upon plaintiff's motion, which motion was made after a new term of court had begun.

Orders, decrees or judgments, procured through fraud, collusion, deceit or mistake, may be opened, vacated or modified at any time, on the proper showing made by the parties injured. Alabama Hotel Co. v. J. L. Mott Iron Works, 86 Fla. 608, 98 So. 825.

The motion to vacate the judgment could have been considered by the trial court only if there was fraud, collusion, deceit or mistake in the procuring of the judgment, which had injured the party complaining. No such showing was made to the court below, and therefore the Court properly refused to consider the motion because the term of court during which the judgment was entered had expired and a new term had begun. Forcheimer v. Tarble, 23 Fla. 99, 1 So. 695; Sawyer v. State, 94 Fla. 60, 113 So. 736. Since the trial court refused to consider the motion, we cannot disturb that ruling unless there was fraud, collusion, de-

ceit or mistake such as was a controlling factor in the entry of that judgment, and without which that judgment would not have been entered. See Sec. 4499 (2812) C. G. L. Although it appears that the Court, at the time of entering the judgment for the defendant, did not have certain information contained or alleged in the later affidavit of I. Zemurray, yet it appears that even though the Court had been possessed of that information, the same judgment would still have been entered, because of the fact that the plaintiff had no right or authority at all to bring the action. His second affidavit did not impeach the truth of his prior affidavit, nor did it show any right to maintain this suit, either in plaintiff's name, or in his name for the use and benefit of Dr. P. Phillips & Sons, Inc.

See also in this general connection Hamburg v. Liverpool, etc., Ins. Co., 42 Fla. 86, 27 So. 872; and Melbourne State Bank v. Gillette, 101 Fla. 235, 134 So. 46; Mabson v. Christ, 96 Fla. 756, 119 So. 131.

We find no error in the record, and the judgment below is accordingly

Affirmed.

WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., not participating because of defective eyesight.