**Benjamin B. TURNER, Jr., Appellant,**

v.

**Harriet Calvin TURNER, Appellee.**

**No. 17243.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 14, 1978.

Ragan, Russell & Rorschach, James D. Norvell, Houston, for appellant.

Law Offices of Roy W. Moore, Roy W. Moore, Warren G. King, Houston, for appellee.

COLEMAN, Chief Justice.

Benjamin B. Turner, Jr. filed a Bill of Review by which he sought to set aside a property settlement agreement providing for contractual alimony which had been incorporated in a divorce decree. After a

Show Cause Hearing, during which testimony was introduced, the trial court entered a judgment that petitioner take nothing by the suit and that the respondent be dismissed with her costs.

The petition for Bill of Review was filed on January 17, 1978. The respondent, Harriet Calvin Latimer, filed an Amended Answer which concluded with a prayer that petitioner appear and show cause why the Bill of Review should not be denied. In response to this pleading the trial court entered an order that petitioner appear before the court on the third day of April, 1978, to show cause why petitioner's Bill of Review should not be denied. Prior to the date set for the hearing the petitioner filed a brief to the court discussing authorities supporting his contention that his pleadings were sufficient to state a cause of action for a Bill of Review.

The respondent filed a reply brief in which she discusses the factual matters alleged in the Bill of Review and the pertinent authorities. She concludes with the statement "Petitioner has no meritorious defense which he can assert that would have changed the outcome of the previous final judgment. He does not allege any acts on the part of respondent or her attorneys which amount to fraud, and he is precluded by his own negligence, his failure to do equity and his retention of benefits under the property settlement and support agreement from invoking equitable relief."

On the date set for the hearing the record reflects that both parties appeared in person and by attorney and announced ready for "hearing". Counsel for Mrs. Latimer then stated to the court the history of the proceeding and the reasons why he contended that the Bill of Review should be dismissed. He called the court's attention to the fact that briefs had been filed, stating the reasons of the respective parties why the court should or should not dismiss the Bill of Review. He then stated that he did not contend that the Bill of Review should be dismissed on the inadequacy of Mr. Turner's pleadings, "but simply on the fact question". He argued that the court should

determine whether not there had been any intrinsic or extrinsic fraud on the part of Mrs. Latimer, and whether or not there was negligence on the part of Mr. Turner. He suggested that testimony would show that Mr. Turner had accepted the benefits of the judgment and thereby was precluded from seeking to overturn it.

The attorney representing Mr. Turner then stated to the court that Mrs. Latimer had answered by merely denying the allegations of the petition for Bill of Review. He stated that she comes before the court saying "I deny everything he said, and therefore it ought to be dismissed and that's not the way to try lawsuits in this county".

There was further discussion of the authorities by the attorneys and the court and statements of what the evidence would show. The attorney for Mrs. Latimer then requested permission to introduce testimony stating that this was not a summary judgment procedure and that he was asking the court to "rule on the evidence". Mrs. Latimer was then sworn as a witness and testified both on direct examination and cross examination. At the conclusion of her testimony, Mrs. Latimer's attorney asked permission to file a trial amendment. The court then announced that he was going to deny the Bill of Review. The attorney for Mr. Turner promptly gave notice of appeal and stated that he wished to take exception to the ruling and to the proceeding "on the theory that this proceeding is not authorized in law for a show cause such as this, and the entire proceeding is erroneous". He pointed out that he had not been permitted to offer evidence.

The trial court then stated that he would permit Mr. Turner to put on his evidence. At that time Benjamin B. Turner, Jr. was sworn as a witness and testified on both direct and cross examination.

At the conclusion of this testimony the attorney for Mrs. Latimer again requested permission to file a trial amendment. At that time the attorney for Mr. Turner objected to the filing of the trial amendment and objected to the proceedings for the reason that it was "highly contrary to the

rules of civil procedure" and that it was not a motion for summary judgment or any proceeding authorized by law. The court stated that the question before him was a matter of law. The counsel for Mr. Turner protested that if the petition did not state a cause of action as a matter of law then a motion for summary judgment should have been filed, and that a show cause hearing was not the proper procedure for disposing of the matter.

The procedure followed in the trial of this matter is not one authorized by local rule or by the Rules of Civil Procedure of the State of Texas. The case was never set down for trial on the merits on the contested docket as provided in the local rules. The hearing was not one to determine the sufficiency of the petition since the respondent had filed no special exceptions. At the conclusion of the hearing the trial court entered a judgment on the merits.

There is nothing in the record to indicate that the petitioner had any notice that the cause was being set down for trial on the merits. Respondent's answer was in the nature of a general demurrer to the petition for Bill of Review, a procedure which is not recognized by the courts of this state.

Unless this cause of action should be disposed of by a summary judgment, or on special exceptions, the petitioner is entitled to a trial on the merits in accordance with the applicable Rules of Civil Procedure.

█ No order was entered providing for a separate trial of an issue as provided in Rule 174(b), Texas Rules of Civil Procedure. There was no agreement express or implicit on part of the petitioner to submit the issues of fact which necessarily arise in a Bill of Review proceeding to the trial court for a decision as was in the case in *Hernandez v. Light Pub. Co.*, 245 S.W.2d 553 (Tex. Civ.App.—San Antonio 1952, writ ref'd. n. r. e.). The attorney for Mr. Turner properly objected to the procedure when he realized that issues of fact were being presented to the trial court for decision. The trial court erred in overruling this objection.

█ An order to show cause has no greater effect than an ordinary notice of motion served without the sanction of the court or judge except with respect to shortening the time of service. Such an order is not to be regarded as an indication of any opinion by the court on the merits of the application and will not shift the burden of proof. 60 C.J.S. Motions and Orders § 20, page 33.

In *Green v. Green*, 424 S.W.2d 479 (Tex. Civ.App.—Tyler 1968, n. w. h.), the court pointed out that the use of a show cause order is usually effective only to the extent that it requires the defendant, if he so desires, to contest the necessity of the ad interim order, without the necessity of having to appear generally or answer. This was a plea of privilege case in which the issue was whether the appellee had expressly or impliedly waived her right to assert her plea of privilege by appearing in response to a show cause order. The court held: "The hearing was forced upon appellee by the appellant. Appellee's participation in a preliminary hearing from which she could not escape would not, in our opinion, amount to a waiver of her plea of privilege."

Essentially the same holding is found in *Gibson v. State*, 288 S.W.2d 577 (Tex.Civ. App. Waco 1956, writ dism'd). These cases point up the preliminary nature of a proceeding to show cause, and both hold that appearance in response to such an order is not an appearance on the merits of the case.

Turner was required to allege, and on the final trial to prove, a meritorious defense to the cause of action alleged to support the judgment obtained against him, which he was prevented from making by the fraud, accident or wrongful act of the opposite party, unmixed with any fault or negligence of his own. *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950).

In his petition Turner has attempted to meet the requirements for a Bill of Review set out in *Alexander v. Hagedorn*, supra. We find it unnecessary to determine whether or not he has done so because in the event his petition should be found defective

he would be entitled to file an amended pleading. The facts adduced on this hearing do not show that a sufficient pleading could not be alleged. *Ragsdale v. Ragsdale,* 520 S.W.2d 839 (Tex.Civ.App.—Fort Worth 1975, no writ hist.); *Martin v. Hunter,* 233 S.W.2d 354 (Tex.Civ.App.—San Antonio 1950, writ ref'd n. r. e.).

The judgment is reversed and the cause is remanded.