651 P.2d 1209

In re the Marriage of Francis Marion SMITH, Plaintiff-Appellant,

v.

Alfred K. SMITH, Defendant-Appellee.

No. 1 CA–CIV 5491.

Court of Appeals of Arizona,
Division 1, Department B.

Aug. 24, 1982.

Rehearing Denied Sept. 24, 1982.

Review Denied Oct. 13, 1982.

Lazarus & Rogers, P.C. by Alfred J. Rogers, Phoenix, for plaintiff-appellant.

Trew & Woodford by Wilmot W. Trew, Phoenix, for defendant-appellee.

## OPINION

GRANT, Judge.

This is an appeal from an order entered by the trial court after a hearing on an order to show cause. The issue raised is whether the father, the appellee, is liable for orthodontic expenses incurred by the mother, the appellant, on behalf of the parties' minor child.

On August 7, 1972, Francis M. Smith, appellant, was granted a divorce from Alfred K. Smith, appellee. The decree awarded appellant custody of the parties' minor child, Jill. The decree provided that appellee make child support payments in the amount of $100 per month, and further provided that appellee pay "all medical bills and dental bills incurred for the health and protection of said minor child until further order of the Court." Approximately three years later, the decree was modified by stipulation of the parties, so that appellee's child support obligation would thereafter be satisfied by Social Security benefits which Jill began receiving as a result of appellee's retirement.

In October of 1977, appellant took Jill to an orthodontist for braces. After the bill was paid in full, appellant demanded reimbursement from appellee, which was refus-

ed. On January 30, 1980, appellant filed a petition for order to show cause why appellee should not be required to reimburse appellant for payment of the orthodontic expenses. After hearing testimony, the court subsequently determined that under the terms of the modified divorce decree, appellee had no obligation to pay for Jill's orthodontic services. The court did determine that a bill of $147.00 for cleaning and filling Jill's teeth was a dental expense within the meaning of the decree and ordered appellee to pay appellant only that amount. Appellant has appealed from that order. We affirm.

We begin by restating the pertinent language of the decree. Appellee was ordered to pay "all medical bills and dental bills *incurred for the health and protection of said minor child* until further order of the Court." (emphasis added) The subsequent modification changed only the manner of payment of appellee's child support obligation; nothing else in the decree was affected thereby.

In his response to the petition for order to show cause, appellee presented two reasons why he should not be required to pay for orthodontic expenses. He first claimed that he was entitled to a set off or credit because the Social Security benefits received by the child exceed the $100.00 per month child support he was originally ordered to pay. We are unimpressed by this argument, as was the trial court. The excess resulted from an increase in Social Security benefits and not by reason of voluntary payments by appellee. Furthermore, the child is entitled to the Social Security benefits because of the stipulated modification of the original decree and as a matter of law due to appellee's retirement. 42 U.S.C. § 402(d)(1) (1976).

Appellee then complained that appellant did not use the dentist he designated. As the trial court found there is no such restriction in the decree of divorce.

The trial court did not find these reasons persuasive but, instead, determined that an orthodontic expense was not within the meaning of the above-quoted provision of the divorce decree. Appellant argues that the trial court erred by deciding this matter on the basis of a consideration that was neither raised in the response nor at the hearing. We disagree.

First of all, we note that "[g]enerally, a responsive pleading to an order to show cause is not required unless ordered by the court." *In Re Estate of Taylor*, 5 Ariz.App. 144, 149, 424 P.2d 186, 191 (1967). A show cause order only compels a respondent to appear at the hearing and contest the necessity of the action requested by the petitioner. *Turner v. Turner*, 576 S.W.2d 452 (Tex.Civ.App.1978); *Herring v. Standard Guaranty Insurance Company*, 238 Ga. 261, 232 S.E.2d 544 (1977). Therefore, any reliance by appellant on the "defenses" raised in appellee's response is misplaced. While these "defenses" may help to frame the issues raised by the proceeding, they should not operate to "freeze" those issues as may be the case where responsive pleadings are required. Additionally, appellant can hardly argue that whether orthodontic work was within the purview of the decree was a question raised for the first time in appellee's post-hearing memorandum. Rule 15(b) Ariz.R.Civ.P., 16 A.R.S. The transcript of proceedings reveals substantial testimony elicited from appellee which indicated that appellee did not pay the orthodontic bill because he did not think it was an expense contemplated by the divorce decree. Also, near the end of the hearing, the court made a similar statement to that effect.

Moreover, a show cause hearing does not shift the burden of proof from petitioner to respondent, but only requires the respondent to oppose a prima facie case when it is first made out by the petitioner. *Chambers v. Blickle Ford Sales, Inc.*, 313 F.2d 252 (2d Cir. 1963); *Turner v. Turner*, *supra*; *Herring v. Standard Guaranty Insurance Company*, *supra*; *Zemurray v. Kilgore*, 130 Fla. 317, 177 So. 714 (1937); 60 C.J.S. *Motions and Orders* § 37(5) (1969). Accordingly, at the hearing in the court below, the burden of showing why appellee

should pay for the orthodontic expense remained with appellant. This burden was not met. Appellant's entire case in chief consisted only of appellant's testimony that over $1,700.00 in orthodontic expenses had been paid for on behalf of Jill. No attempt was made to show why those expenses were necessary for Jill's health and protection, as opposed to cosmetic reasons. Appellant must stand on the strength of her own showing, and not depend on claimed weaknesses in the presentation of her opponent's case.

We must view the evidence in a light most favorable to sustaining the judgment of the trial court, and we will affirm that judgment if there is any reasonable evidence to support it. *Bender v. Bender,* 123 Ariz. 90, 597 P.2d 993 (App.1979); *Thorton v. Southwest Flour and Feed Company,* 8 Ariz.App. 190, 444 P.2d 747 (1968). We find no evidence to support appellant's claim that pursuant to the divorce decree appellee was required to pay for the orthodontic expenses of their minor child when appellant failed to show the expenses were necessary for the child's health and protection.

The order of the trial court is affirmed.

JACOBSON, J., and RICHARD M. DAVIS, J. pro tem., concur.

NOTE: The Honorable RICHARD M. DAVIS, a Judge pro tem. of a court of record, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. art. VI, § 20.