**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 28 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANIEL W. MAHON,

　　　　　Plaintiff - Appellant,

v.

AMERICAN AIRLINES, INC., a
Delaware corporation,

　　　　　Defendant - Appellee.

No. 01-5092
(D.C. No. 00-CV-1008-E)
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE** and **McWILLIAMS**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

　　　Daniel Mahon appeals the district court's dismissal of his complaint for failure to

state a claim. Mahon sued American Airlines for breach of contract, violation of

constitutional rights under the Fifth and Fourteenth Amendments and 42 U.S.C. §§ 1981,

1983, and 1985, and various related state claims. We have jurisdiction pursuant to 28

U.S.C. § 1291 and affirm in part, reverse in part, and remand.

---

　　　[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

I.

Mahon was employed by American Airlines from 1986 until his termination in May 1999. As a part of its corporate diversity program, American Airlines encouraged the formation of Employee Resource Groups (ERG) with memberships of various self-selected types of employees. In March 1999, American Airlines held a diversity fair for its employee groups at its maintenance and engineering facility in Tulsa, Oklahoma. At the fair, Mahon and other members of the Caucasian ERG distributed a pamphlet created by Mahon that allegedly contained white supremacist rhetoric. Following this incident, American Airlines suspended the Caucasian ERG's privileges for six months for violation of ERG rules. American Airlines management met with the Caucasian ERG to discuss the pamphlet and the group's subsequent suspension. Mahon attended the meeting wearing a t-shirt depicting the cover of the Turner Diaries. The back of the shirt read: "What will you do if they come and take your guns? Warning: The FBI has labeled this the most dangerous book in America." App. at 124, 175. Mahon also wore this shirt in other work areas during the day of the meeting.

American Airlines conducted an investigation of Mahon based upon his creation and distribution of the pamphlet and his wearing of the Turner Diaries shirt. As a result of the investigation, Mahon's employment was terminated. The reason given for Mahon's termination was his violation of written work rules that prohibited threatening and intimidating behavior toward other employees and conduct detrimental to other

employees and American Airlines. Other members of the Caucasian ERG allegedly were not disciplined for distributing the pamphlets. In addition, Mahon alleged that American Airlines did not discipline or terminate other employees who had worn a Turner Diaries shirt at work nor did it discipline or terminate an African American employee who wore a Malcolm X shirt at work. In response to his termination, Mahon filed a grievance under his union Collective Bargaining Agreement. After a three-day arbitration hearing, the Tulsa Area Board of Adjustment concluded that Mahon's "discharge [wa]s an appropriate disciplinary penalty for authoring a flyer for distribution by the [Caucasian ERG] with neo-nazi/white supremacist overtones and wearing a T-shirt for its intimidating and threatening effect." App. at 72.

Mahon filed this action seeking declaratory, injunctive, and equitable relief, compensatory and punitive damages, costs and attorney fees as a result of the termination of his employment with American Airlines. Specifically, Mahon's complaint alleged seven causes of action: (1) breach of express and implied contractual obligations; (2) denial of due process of law as guaranteed by the Fifth and Fourteenth Amendments and 42 U.S.C. §§ 1981, 1983, and 1985; (3) denial of free speech and expression as guaranteed by the First Amendment and § 1983; (4) denial of equal protection of the laws as guaranteed by the Fifth and Fourteenth Amendments; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; and (7) intentional interference with contractual relations as guaranteed by the Fifth and Fourteenth

Amendments and §§ 1981, 1983, and 1985. In lieu of answering the complaint, American Airlines filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In response, Mahon filed a combined motion for summary judgment and an application to vacate the arbitration award entered by the Board of Adjustment. The district court granted American Airlines' motion.

II.

On appeal, Mahon contends (1) the district court erred in failing to consider his application to vacate the arbitration award; and (2) the court erred in failing to recognize the equal protection component of his due process claim under 42 U.S.C. § 1981.

*Application to vacate arbitration award*

Mahon cites no authority in support of his argument that the court erred in not ruling on his application to vacate the arbitration award prior to dismissing his complaint. Whether the district court chooses to rule on one pending motion prior to ruling on another pending motion is largely within the court's discretion and the exercise of that discretion rests in large part on the ability of the court to manage its own docket. See Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp., 296 F.3d 982, 985 (10th Cir. 2002).

We cannot conclude that the district court abused its discretion to control its own docket by ruling on American Airlines' motion to dismiss before ruling on Mahon's application to vacate the arbitration award. In April 2001, the district court held a case

management conference. At the conclusion of the conference, the court indicated its intent to rule on the motion to dismiss before addressing other pending motions. App. at 131 ("I will deal with the motion to dismiss response and if you don't have . . . a legal right to maintain your lawsuit, that will be the end of it. . . . [W]e will deal first with the dismissal."); id. at 134 ("I will decide on the motion to dismiss. . . . If the plaintiff is not alive and well, . . . [t]here will be nothing further. . . . [W]e will proceed if there is anything to proceed with."). In addition, the district court noted its intention to stay resolution of all pending motions until the court ruled on American Airlines' motion to dismiss. Id. at 135 ("All other matters will be stayed until the decision of the court is rendered on the motion to dismiss."). The district court did not abuse its discretion by not ruling on Mahon's application to vacate the arbitration award prior to dismissing his complaint.

*Equal protection claim*

Mahon contends the district court "should have recognized the equal protection component contained within the substantive due process clause and allowed Plaintiff Mahon to proceed to a jury trial under [the] equal protection doctrine on his § 1981 claim." Aplt. Br. at 14. We review de novo the district court's grant of a Rule 12(b)(6) motion to dismiss, applying the same standard as the district court. Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). We accept as true "all well-pleaded factual allegations" and those allegations are "viewed in the light most

favorable to the nonmoving party." Id. As a result, a "12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotation omitted). "The granting of a motion to dismiss must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." MacArthur v. San Juan County, 309 F.3d 1216, 1228 (10th Cir. 2003) (internal quotation omitted).

Liberally construing Mahon's complaint in its entirety, we conclude that he sufficiently stated a claim for violation of equal protection. In his fourth cause of action, Mahon alleged that American Airlines "denied Plaintiff the Equal Protection of the Laws by treating Plaintiff unequal to others who were similarly situated, for which Plaintiff has suffered injury." App. at 11. In addition, the factual allegations in Mahon's complaint suggest a disparate treatment claim. For instance, Mahon alleged that American Airlines did not discipline or terminate other employees for wearing the Turner Diaries shirt while on work premises and did not terminate other members of the Caucasian ERG for distributing the alleged offensive pamphlet. Although the district court correctly concluded that "Section 1981 was not intended to remedy a claim of denial of due process," id. at 116, the court did not specifically address whether Mahon's complaint stated a claim under the equal protection doctrine. The court did refer to equal protection, but did so only in the context of dismissing Mahon's due process claim which he brought

pursuant to § 1981. We therefore reverse the district court's grant of American Airlines' motion to dismiss on the equal protection claim.

Prior to oral argument in this case, we ordered the parties to submit supplemental briefs addressing the Supreme Court's decision in Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). The issue in Swierkiewicz was "whether a complaint in an employment discrimination lawsuit must contain specific facts establishing a prima facie case of discrimination under the framework set forth by this Court in McDonnell Douglas Corp. v. Green, [411 U.S. 702] (1973)." Id. at 508. The Court held "that an employment discrimination complaint need not include such facts and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)). The Court reasoned that (1) the McDonnell Douglas framework is an evidentiary standard, not a pleading requirement; and (2) imposing a heightened pleading standard in employment discrimination cases conflicts with Rule 8(a)(2). Here, we must decide whether Mahon's § 1981 claim is sufficient under Rule 12(b)(6), not whether the district court dismissed Mahon's § 1981 claim because he failed to allege a prima facie case of discrimination under the McDonnell Douglas framework. See Sutton, 173 F.3d at 1236. We therefore conclude Swierkiewicz is inapplicable.

We AFFIRM the district court's dismissal of all claims except its dismissal of the equal protection claim asserted in Mahon's fourth cause of action. We REVERSE and REMAND on that claim.

Entered for the Court

Mary Beck Briscoe
Circuit Judge