**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DANIEL W. MAHON,

      Plaintiff - Appellant,

  v.

AMERICAN AIRLINES, INC., a
Delaware corporation,

      Defendant - Appellee.

No. 04-5143
(D.C. No. 00-CV-1008-E)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **HARTZ** , and **McCONNELL** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff-appellant Daniel W. Mahon appeals from the district court's order

granting summary judgment in favor of defendant American Airlines, Inc., with

respect to Mahon's equal protection claim under 42 U.S.C. § 1981. We affirm.

The facts of this case are set out in a previous decision from this court and

need not be reiterated in detail here. *See Mahon v. Am. Airlines, Inc.*, 71 Fed.

Appx. 32 (July 28, 2003). Mr. Mahon is a white male who contends that

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

American engaged in reverse discrimination by terminating his employment. Mr. Mahon's employment was terminated after he created a pamphlet for a company-sponsored group known as the Caucasian Employee Resource Group (CERG) at American. The pamphlet, which was distributed at a diversity fair sponsored by American, lauded the achievements of Caucasian aviators and allegedly contained white supremacist rhetoric.

American suspended the CERG after some of its non-Caucasian employees found the pamphlet offensive. At a subsequent meeting with American's management about the pamphlet and the suspension of the CERG, Mr. Mahon wore a tee shirt depicting the cover of the *Turner Diaries*, a book containing white supremacist ideology and scenes of violence toward non-white people and "race traitors." His employment was terminated based on his violation of written work rules that prohibited threatening and intimidating behavior toward other employees and conduct detrimental to other employees and American Airlines.

In our prior decision, we affirmed the district court's dismissal of all of Mr. Mahon's claims, except for his equal protection claim. On appeal, Mr. Mahon argues that the district court inappropriately granted summary judgment on this claim because genuine issues of material fact remain for determination by a jury.

> We review a district court's grant or denial of summary judgment de novo. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether the evidence presents a genuine issue of material fact, we view it in the light most favorable to the party against whom summary judgment was entered.

*Stanko v. Maher*, 419 F.3d 1107, 1111-12 (10th Cir. 2005) (quotation omitted).

Having carefully reviewed the briefs, the record, and the applicable law pursuant to this standard, we AFFIRM summary judgment for substantially the reasons stated in the district court's order of September 9, 2004.

Entered for the Court


Michael W. McConnell
Circuit Judge