NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JUSTIN WILLIAM THOMPSON, *Petitioner/Appellee*,

*v.*

ERIN BRIGHTWOOD THOMPSON, *Respondent/Appellant*.

No. 1 CA-CV 16-0777 FC
FILED 12-14-2017

Appeal from the Superior Court in Maricopa County
No. FC2015-072550
The Honorable J. Justin McGuire, Judge *Pro Tempore*

**REVERSED AND REMANDED**

APPEARANCES

Justin William Thompson, Canyon Lake, CA
*Petitioner/Appellee*

S. Alan Cook, PC, Phoenix, AZ
By Sharon Ottenberg
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

---

**S W A N N**, Judge:

**¶1** The consent decree dissolving the marriage of Erin Brightwood Thompson ("Mother") and Justin William Thompson ("Father") required Father to pay spousal maintenance and to share the costs of uninsured medical care for the parties' minor children. Mother petitioned the superior court for enforcement of the decree after Father failed to fully pay spousal maintenance and refused to contribute to the cost of uninsured naturopathic allergy tests for two of the children. The superior court denied Mother's petition.

**¶2** We reverse and remand. The court had no discretion to decline to enter judgment against Father for the spousal maintenance arrears, and under the decree Father's obligation to share medical costs encompasses naturopathic care. We hold, however, that Mother cannot transform these modest recoveries into a windfall award of attorney's fees on appeal.

**FACTS AND PROCEDURAL HISTORY**

**¶3** Mother and Father's consent decree granted the parties joint legal decision-making authority with respect to their three minor children, with Mother retaining final decision-making authority should the parties not reach agreement. The consent decree further required Father to make monthly payments of $300 in spousal maintenance and $888 in child support. It allocated responsibility for medical expenses not covered by insurance as follows:

> Non-Covered Expenses. The parties shall divide in proportion to income (Father 70% and Mother 30%) all reasonable uncovered and/or uninsured medical, dental, orthodontic, optical, prescription, and mental health care expenses incurred for the benefit of the minor children, including co-pays. Both parties shall be entitled to complete information from any and all health care providers for the

minor children and to complete information from any and all health insurance companies that provide health insurance for the minor children.

¶4        Several months after entry of the consent decree, Mother petitioned the court to order Father to pay approximately $418 in non-covered expenses and $352 in past-due spousal maintenance. The non-covered expenses arose from naturopathic allergy testing for the parties' two older children (after the same tests came back positive for the youngest child). The parties agreed that Father had paid his share for the youngest child's testing only. Father contended that the tests were not reimbursable because they were performed by a naturopathic doctor. With respect to the past-due spousal maintenance, Father asserted that the shortfall was merely an artifact of the timing of the paychecks from which the spousal maintenance payments were made. Father asserted that under his pay structure he would be caught up on spousal maintenance by the end of the calendar year.

¶5        The court denied Mother's petition as to the allergy-test expenses, finding that "[a] naturopathic physician is neither medical, dental, orthodontic, optical, prescription, or mental health care" and that the expenses therefore "do not fall under the scope of the Decree." The court then confirmed the spousal maintenance arrearage but held that "due to the amount due and the ongoing accrual of interest [even without a judgment], it is not appropriate for a judgment to be entered at this time."

¶6        The court denied Mother's motion for a new trial or amended judgment under ARFLP 83. Mother timely appeals.

## DISCUSSION

I.        MOTHER IS ENTITLED TO A JUDGMENT FOR PAST-DUE SPOUSAL MAINTENANCE.

¶7        Mother contends that the superior court erred by declining to enter judgment against Father for the spousal maintenance arrearage. We agree. The court had no discretion to decline to enter judgment based on the relatively small amount of the arrearage. *See Cooper v. Cooper*, 167 Ariz. 482, 491 (App. 1990) ("If a party petitions the court for a written judgment for the full amount of arrearages, the trial court has a mandatory duty to enter such judgment."). Mother was entitled to judgment against Father for the arrearage amount.

## II.   FATHER WAS REQUIRED TO REIMBURSE MOTHER FOR HIS SHARE OF THE ALLERGY-TEST EXPENSES.

¶8        Mother also challenges the superior court's determination that the costs of the allergy tests were not covered by the dissolution decree. "A final judgment or decree is 'an independent resolution by the court of the issues before it and rightfully is regarded in that context and not according to the negotiated intent of the parties.'" *Cohen v. Frey*, 215 Ariz. 62, 66, ¶ 10 (App. 2007) (quoting *In re Marriage of Zale*, 193 Ariz. 246, 249, ¶ 11 (1999)).  We interpret decrees de novo.  *Palmer v. Palmer*, 217 Ariz. 67, 69, ¶ 7 (App. 2007).

¶9        Father argued in the superior court that the decree's "Non-Covered Expenses" provision does not apply to the allergy tests because the naturopathic doctor who performed the tests was "not a real doctor" contracted with any medical insurance.[1]  But Father did not dispute Mother's evidence showing that the doctor was licensed to practice naturopathic medicine in Arizona, and he expressly concedes as much on appeal.  A.R.S. § 32-1501(25) provides that "'[n]aturopathic medicine' means medicine as taught in approved schools of naturopathic medicine and in clinical, internship, preceptorship and postdoctoral training programs approved by the board and practiced by a recipient of a degree of doctor of naturopathic medicine licensed pursuant to [Title 32, Chapter 14 of the Arizona Revised Statutes]."  In view of Arizona's recognition of naturopathy as a medical practice, we conclude that it is included under the decree's broad command that the parties shall share the costs of "uninsured medical . . . expenses."

¶10        Father, citing *Smith v. Smith*, 133 Ariz. 384 (App. 1982), contends that the allergy tests were not "medically necessary."  *Smith* is distinguishable.  In *Smith*, a mother sought reimbursement for orthodontic expenses under a decree that obligated the father to pay "all medical bills and dental bills incurred for the health and protection of [the] minor child." *Id.* at 384–86.  We affirmed the superior court's decision denying reimbursement because the mother made "[n]o attempt . . . to show why those expenses were necessary for [the minor child]'s health and protection,

---

[1]        Father also offers, for the first time on appeal, a letter from an allergist to suggest that the tests at issue were "not medically recognized." We do not consider the letter.  *See Navajo Nation v. MacDonald*, 180 Ariz. 539, 547 (App. 1994) ("[T]his court will not consider arguments raised for the first time on appeal.").

as opposed to cosmetic reasons." *Id.* at 386. Here, unlike in *Smith*, the decree did not require a showing that the allergy tests were necessary for the health and protection of the minor children. Instead, Mother only needed to show that the expenses she incurred were "reasonable." What little evidence there was regarding reasonableness supported Mother's position: Mother, who has final legal decision-making authority, wanted the older children tested because the youngest child's test results came back positive, and Father presented no evidence to show that the costs of the tests were unreasonable.

## ATTORNEY'S FEES AND COSTS ON APPEAL

¶11         Mother, who is represented on appeal by pro bono counsel, requests an award of attorney's fees on appeal under A.R.S. § 25-324(A), which provides that we may award fees after considering "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." Neither parent took unreasonable positions in this appeal and, having considered the relevant financial evidence in the record, we decline to award attorney's fees to Mother. Mother is entitled to recover her costs incurred on appeal upon compliance with ARCAP 21.

¶12         We note that pro bono representation does not preclude recovery under § 25-324(A) for market-rate attorney's fees. *Thompson v. Corry*, 231 Ariz. 161, 164, 167, ¶¶ 8–10, 22 (App. 2012). But here, though Mother's positions had legal merit, the litigation of the issues she raised was not economically efficient and cost far more than the amount at issue. There are times when vindication of an important legal right or principal warrants the award of fees even when the monetary value of a claim is small. This is not such a time. This dispute was litigated through appeal over less than $1,000, and no non-monetary interest was served.

## CONCLUSION

¶13         We reverse the superior court's rulings with directions to enter judgment for Mother on the arrearage, order Father to reimburse Mother for 70% of the allergy-test expenses, and award Mother costs and interest as appropriate.