# Third District Court of Appeal

## State of Florida

Opinion filed July 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2319
Lower Tribunal No. 24-19766-CA-01
_____


**Rafael Almendral,**
Appellant,

vs.

**J&C Property Management Corp.,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Open Book Appeals and Erin Pogue Newell (Fort Lauderdale), for appellant.

Mamone Villalon and Ramsey Villalon, for appellee.


Before LINDSEY, MILLER and GORDO, JJ.

GORDO, J.

Rafael Almendral ("Tenant") appeals a non-final order entered in favor of J & C Property Management Corporation ("Landlord") requiring him to deposit rent into the court registry. We have jurisdiction. Fla. R. App. P 9.130(a)(3)(C)(ii). We affirm.

On appeal, the Tenant argues the trial court should have first ruled on his motion to dismiss before requiring a deposit into the court registry.

The plain language of section 83.232, Florida Statutes, mandates a rent deposit absent a "defense of payment or satisfaction of the rent." § 83.232(1), Fla. Stat. "The court, on its own motion, shall notify the tenant of the requirement that rent be paid into the court registry by order, which shall be issued immediately upon filing of the tenant's initial pleading, motion, or other paper." § 83.232(3), Fla. Stat. Because the plain language of section 83.232 makes a rent deposit mandatory absent a defense of payment or satisfaction of the rent, we find no abuse of discretion in requiring such a deposit before ruling on the motion to dismiss. See T.G. United, Inc. v. AADD Props., LLC, 371 So. 3d 396, 400 (Fla. 5th DCA 2023) ("Section 83.232 establishes a procedure for payment of rent during the pendency of a commercial landlord's claim for possession."); § 83.232(1), Fla. Stat. ("In an action by the landlord which includes a claim for possession of real property, the tenant shall pay into the court registry the amount alleged in

2

the complaint as unpaid, or if such amount is contested, such amount as is determined by the court, and any rent accruing during the pendency of the action, when due, unless the tenant has interposed the defense of payment or satisfaction of the rent in the amount the complaint alleges as unpaid."); Fabre v. 4647 Block, LLC, 401 So. 3d 523, 528 (Fla. 3d DCA 2024) ("Section 83.232 is designed to protect a commercial landlord from irreparable harm where a tenant holds over during eviction proceedings without paying rent." (quoting Famsun Inv., LLC v. Therault, 95 So. 3d 961, 963 (Fla. 4th DCA 2012))); Zemurray v. Kilgore, 177 So. 714, 718 (Fla. 1937) ("The method of procedure and conduct of hearing motions is, in the absence of a rule of court or statute on the subject, largely within the judicial discretion of the court, and is not subject to review unless the discretion has been abused."); Mahon v. Am. Airlines, Inc., 71 Fed. Appx. 32, 34 (10th Cir. 2003) ("Whether the [] court chooses to rule on one pending motion prior to ruling on another pending motion is largely within the court's discretion and the exercise of that discretion rests in large part on the ability of the court to manage its own docket.").

Affirmed.